LAWRENCE v. SINNAMON *et ux.*

</div>

1. **Limitation, statute of:** DEMURRER. If a petition shows affirmatively that its course of action is barred by the statute of limitations, the objection may be taken advantage of by demurrer. Rev. §§ 2961, 2962.

2. —— HUSBAND AND WIFE: FAMILY NECESSARIES. In an action commenced in 1866, against a husband and wife for the price of necessaries chargeable, under § 2507 of the Rev., upon the property of both, the petition averred the following *facts,* and thereupon asked judgment : That between April, 1857, and January, 1858, plaintiff sold to, and charged in the name of, the husband certain articles of necessaries for the use of the family ; that in January, 1858, he received from the husband his note for the amount of the account, not as payment thereof, but merely to change the form of evidence, and balance his books in accordance with the usual custom of merchants. Demurrer to the petition, on the ground, that it appeared therefrom, that the cause of action was barred by the statute of limitations. *Held,*

    1. That, as to the husband, the action was taken out of the statute by his written promise to pay.

    2. That, as to the wife, the husband, being the head of the family, was not only authorized to make the purchase in his own name, but to change the form of evidence of the indebtedness arising therefrom, by executing his note for the account, and that thereby the case was taken out of the statute as well to her as to the husband.

<div align="center">

*Appeal from Wapello District Court.*

TUESDAY, JANUARY 28.

</div>

THIS action was commenced November 15, 1866. The petition makes this case : From April, 1857, to January,

1858, plaintiff sold to the defendant, Thomas Sinnamon, goods and merchandise as per account annexed, some to the husband, some to the wife, but all were purchased and received for the use of the family of defendants; were necessaries, were thus used, the expense thereof was a family expense, within § 2507 of the Revision, and properly chargeable upon the property of both; that these articles were charged, in accordance with the usual custom of merchants, to the husband, and in accordance with a like custom in balancing the books, plaintiff, as evidence of said indebtedness, in January, 1858, took the husband's note for the amount of said account, not as payment, nor with that intention, nor that it should operate as a release of plaintiff's rights or defendant's liability, but merely to change the form of evidence of said indebtedness. The claim is for judgment against both defendants.

Defendants demurred, because it appeared affirmatively, from the petition, that plaintiff's cause of action was barred by the statute of limitations. This demurrer was sustained, and plaintiff appeals.

*Stiles & Hutchison* for the appellant.

*Hendershott & Burton* for the appellee.

WRIGHT, J.—If the petition shows affirmatively that the cause of action is barred, then, under the statute, the 1. LIMITATION, objection may be taken advantage of by deSTATUTE OF: demurrer. murrer. Rev. §§ 2961, 2962.

We then inquire, does this affirmatively appear? As to the husband, we answer most unhesitatingly, clearly not. 2. —— husband Plaintiff counts upon the facts, and this was and wife: family necessaries. needful to show the wife's liability. But, though the last item of the account is dated in January, 1858, and though without more the action would have been barred in July, 1863 (§ 2740, Rev. Cl. 3), it must be

remembered that the husband, in 1863, promised in writing to pay the very debt, and the remedy was, therefore, not barred as against him, at least, for ten years from the writing of that note. As to him, the case stands as though he had made a new promise to pay any other indebtedness, whether the prior promise was implied or express, verbal or in writing. And this is true, whether it did or did not operate to satisfy the pre-existing debt.

But manifestly the important question is, whether plaintiff's remedy against the wife is barred by the statute. And here, also, we feel constrained to hold that the court below errred.

By § 2507 of the Revision, it is declared that the expenses of the family, the education of the children, and such other obligations as come within the equity of the provision, are chargeable upon the property of both husband and wife or either of them, and in relation thereto they may be sued jointly, or the husband separately. The prior section provides that the husband is not liable for the separate debts of the wife, nor is her separate property liable for his debts; but the separate debts of the wife, thus referred to, include only contracts made in relation to her separate property or such as purport to bind herself only. But, because the expenses of the family and the education of the children should, to the extent of their property, be met by each, the legislature has provided, that, for just such expenses, their property shall be chargeable. Not that the wife is liable generally, though the husband is, but that the property is liable. And here we remark, that there is no objection that the petition seeks a general judgment against the wife. Nor is it suggested that there is nothing to show that she has property upon which this debt should be a charge. The only point made is that the claim is barred. The husband is the head of the family. He determines primarily what is

needed for it. He buys, furnishes, contracts debts, all in his own name, for the support and welfare of the family. Her name need not be known. In the absence of fraud and collusion between the creditor and the husband, or some other circumstances giving to the wife peculiar equities, these debts, though contracted by the husband, to the extent of their property, bind both; and his acts, agreements and promises, are alike obligatory upon both.

If he contracts a debt for the education of the children, and gives his note payable three years thereafter, the cause of action accrues as against both at the maturity of the note, and not at the time the debt was contracted. So if he buys flour, meal, sugar, coffee, butter and other articles, and shall, at the time of obtaining the credit, promise to pay in one, two or three years thereafter, the statute does not run as to either, until the time of payment expires. And the same is true where he, after the articles or goods are furnished, gives his promise to pay; the maturity of this promise being the time when the cause of action accrues. These expenses are in the nature of equitable charges upon the property of each. The fact that the form of evidence of the indebtedness is changed from an account to a note makes no difference, unless, indeed, there was an agreement or understanding that the creditor looked alone to the husband — a fact which is expressly rebutted by the averments of the petition. It is not unlike a mortgage executed by husband and wife to secure the note of the husband. The renewing of the note by the husband does not discharge the lien. Nor in such a case would the statute run in favor of either from the maturity of the first note, but of the new one.

Our law is liberal in protecting the rights of the wife, in relation to her property real and personal. But it has not gone so far as to abolish the headship of the family,

nor to take from the husband the right to exercise his best judgment and discretion in the management of his affairs. They are alike interested in the education of the children and for the support of the family. For the expenses thereof it is both right and proper that the property of each or both should be liable. She, as a rule, must be governed by his contracts in relation to these matters. The law does not contemplate the consent and action of both. The merchant, grocer, miller or teacher need not wait until she joins with him in the request for credit, or before making a contract to furnish articles for the family or the education of their children. But they may contract with him as one whose being is not merged in that of his wife, and whose contracts, within the provisions of the statute, are chargeable upon the property of both. And if he in good faith obtains an extension of time for the payment of such an indebtedness, she is entitled to whatever advantage he thus gains, and must as a rule be held to the same remedies and defenses.

Reversed.