## POLLY v. WALKER, SHERIFF, ET AL.

1. **Husband and Wife:** FAMILY EXPENSES: STATUTE OF LIMITATIONS. The obtaining of a judgment against the husband alone, though with his consent, upon a demand for family supplies, for which the property of both the husband and wife was originally liable under § 2507 of the Revision of 1860, did not operate to extend the time of enforcing the claim against the property of the wife, until such judgment was itself barred by the statute of limitations. *Lawrence v. Sinnamon*, 24 Iowa, 80, *distinguished*.

*Appeal from Monona District Court.*

THURSDAY, DECEMBER 7.

THE facts of this case, as appears from the pleadings, are as follows:

Prior to March, 1865, the plaintiff was the wife of William Polly, and the defendant, Johnson, was the owner of a store in which he kept a general stock of merchandise, and he sold to said Polly goods, merchandise, flour, groceries and other articles for use in the family as necessaries, amounting in value to more than $300. In 1867, the said Johnson

recovered a judgment against William Polly for the amount of the claim. The entry of judgment was made by consent of William Polly in the District Court of Clark county. After the creation of said indebtedness, Jemima Polly, the plaintiff, became the owner of 80 acres of land in Monona county; and in March, 1881, the judgment remaining unpaid, and William Polly being insolvent, the defendant, Johnson, caused an execution to be issued upon said judgment to defendant, Walker, sheriff of Monona county, who levied the same upon the plaintiff's land.

The plaintiff commenced her action to enjoin the sale, and an injunction was granted. The defendants filed their cross-petition and an amendment thereto, and averred that the husband and wife were both liable for the goods, they being necessaries for the family, and that, in taking judgment against William Polly alone, the defendant, Johnson, did not in any manner release Jemima Polly nor her property from the payment of the debt; and that said debt still actually exists against William Polly, and that in justice and equity the same is chargeable. upon the property of the plaintiff.

There was a demurrer to the cross-petition, one ground of which was that the cause of action was barred by the statute of limitations. The demurrer was sustained, and defendants appeal.

*W. M. Wilson*, for appellants.

*G. W. McMillan,*. for appellee.

Rothrock, J.—Section 2507 of the Revision of 1860, under which the rights of these parties arose, was as follows: "The expenses of the family, the education of the children, and such other obligations as come within the equity of this provision, are chargeable upon the property of both husband and wife, or of either of them, and in relation thereto they may be sued jointly, or the husband separately."

Counsel for appellant contends that, although this debt was contracted prior to 1867, and suit was brought in that year against the husband alone, and judgment obtained against him, without any reference to the wife or her property, the judgment, or rather the original claim, may now be made a charge upon her property, because the judgment is not barred by the statute of limitations as against the husband. In other words, it is claimed that, so long as the debt exists against the husband, it may be enforced as a charge or lien upon the wife's property; and reliance is had upon the case of *Lawrence v. Sinnamon*, 24 Iowa, 80.

That was a case where an action was brought against both the husband and wife for a debt for family expenses. The suit was commenced more than five years after the cause of action, upon the account accrued, but the husband had executed his note for the amount due, and it was held that this took the case out of the statute as to both the husband and wife, and operated as a new promise to pay the debt. The rule of the opinion in that case is, that the wife is bound by the act of the husband, where he procures credit or an extension of the time of payment of the debt. This case is quite different, as it appears to us. The right of Johnson to establish this claim against the property of the wife has never been enlarged or suspended by the act of any one. It is true, he brought an action against the husband alone, brought him into court, and, upon being brought in, he consented to judgment against him. The theory of counsel for appellant is that by this act he extended the statute of limitations as against his wife, until the judgment shall become barred by the statute.

We have recently held that, under the section of the Revision above cited, a personal judgment may be rendered against the wife for family expenses. If this may be done, there mut be the same right to her to rely on the limitation as that of any other person against whom a personal judgment is sought; and her right to invoke the statute of limitations

cannot be controlled by the form of the action, whether against her personally or against her property.

A judgment is in a certain sense an end of the law. It is an adjudication of the rights of the parties to the suit, and as to them is the end of the controversy upon the matter involved therein. When the judgment was rendered against the husband for this debt, although it operated to extend the time within which the claim could be collected of him, it was not a contract binding upon the wife, nor in any manner connecting her with it, as in the case of *Lawrence v. Sinnamon*, *supra*. In our opinion the demurrer to the cross-petition was correctly sustained.

Affirmed.