### FROST v. PARKER ET UX.

1. **Practice in Supreme Court**: RECORD PERFECTED BY AMENDED ABSTRACT. Although, on appeal to the supreme court, appellant's original abstract is insufficient to sustain the appeal, its defects may be cured by amendments subsequently filed.

2. ———: AMENDING ABSTRACT: LEAVE: NOTICE. No leave of court or notice to the appellee is required to enable an appellant in the supreme court to file an amendment to his abstract.

3. **Husband and Wife**: FAMILY EXPENSE: COST OF ORGAN: JUDGMENT AGAINST HUSBAND ALONE: ASSIGNMENT OF: SUBJECTION OF WIFE'S PROPERTY TO: STATUTE OF LIMITATIONS. The cost of an organ, though purchased by the husband for resale, but never actually sold by him, but ever afterwards (for about seven years) used in his family, as organs are ordinarily used, is a family expense, for which the property of the wife is chargeable, under section 2214 of the Code, following *Smedley v. Felt*, 41 Iowa, 588, and other cases cited in opinion. And though the husband gave his individual note for the organ, which was put into judgment against him alone, and the judgment assigned to a third party, the assignee was entitled, upon a showing of the facts in a proper proceeding, to have the wife's property subjected to the payment of the judgment; and such right was not barred by the statute of limitations so long as the debt, in the form which it had assumed, was not barred as against the husband.

4. **Appeal to Supreme Court**: TRIAL DE NOVO: RIGHTS OF PARTY NOT APPEALING. On appeal to the supreme court, even when the cause is triable *de novo*, a party who does not appeal from the judgment below cannot have any more favorable judgment in this court, though it appears from the record that he was entitled to a better judgment in the court below.

*Appeal from Cerro Gordo District Court.*

THURSDAY, DECEMBER 4.

ACTION in chancery to subject certain lands of the wife to a judgment against her husband. There was a decree in the district court subjecting a part of the lands to the judgment. The wife appeals.

*Lee & Adams*, for appellant.

*Bush & Hurn*, for appellee.

BECK, J.—I. The defendants are husband and wife. The petition shows that in 1876 a judgment was rendered against the husband, which was subsequently assigned to plaintiff; that the notes upon which the judgment was rendered were executed by the husband for an organ, purchased by both husband and wife for use in their family, and so used, and that its purchase was a part of the family expenses; that, when the suit on the notes was commenced, the husband was the owner of certain land, which he subsequently conveyed to one Brayton, who immediately conveyed it to the wife; that these conveyances were fraudulent, being made for the purpose of defeating the plaintiff in the collection of his judgment; that, subesquent to the rendition of the judgment, the wife purchased certain village lots, the title of which, as well as the title of the land, she still retains; and that plaintiff has caused an execution to be issued upon the judgment and levied on the land and lots. The petition charges that the conveyances for the land are fraudulent, and prays that they may be so declared, and further prays that the lots may be declared to be subject to plaintiff's judgment, for the reason that the debt for which it was rendered was contracted for family expenses. It also prays that the judgment be, for the same reason, enforced against the individual property of the wife. The purchase of the organ, and the existence of the debt therefor, and the rendition of the judgment, are inferentially admitted in the answer. Other allegations of the petition are denied. As further defense, it is alleged that it was agreed by the vendor of the organ that he would look to the husband alone for payment, and that the wife was not to be liable therefor; that the husband bought the instrument for the purpose of trade, and not for the use of his family, and that it was not so used in the family; that no recovery therefor has been had against the wife; and that recovery against the wife on account of the purchase of the organ is barred by the statute of limitations.

II. Counsel for plaintiff object to the consideration of the

case, on the ground that the original abstract fails to show that an appeal was taken in the case, or that the evidence was taken in writing, pursuant to an order of the court, or that it presents all the evidence. But, by an amendment to appellant's abstracts, all of these matters are properly shown. The abstract, as amended, is not denied; it must, therefore, be taken as true. This is a sufficient answer to the objection first stated. A motion to strike the amended abstract, on the ground that it was filed without leave or notice, and after an agreement that the case should be submitted thereon, is overruled. Neither leave to file, nor notice, was necessary. No agreement is shown which waived defendant's right to file an amended abstract.

*1. PRACTICE in supreme court : record perfected by amended abstract.*

*2. ――― : amending abstract: leave: notice.*

III. The district court appears to have held that the wife was not liable for the debt incurred for the organ, and that it cannot be enforced against her property, but that the conveyances of the land under which she claims are fraudulent, as alleged in the petition. Upon this view of the case, a decree was entered, declaring the land subject to plaintiff's judgment, but holding that it cannot be enforced against the lots. The case is triable here *de novo*. We are required to determine the rights of the parties upon the record, without regard to the relief granted by the decree of the court below.

IV. We find it unnecessary to inquire into the good faith and validity of the deeds under which the wife claims title to the land, for the reason that, if it be conceded that they are valid, and that her title is not tainted by fraud, the land, as well as the lots, may in this action be held subject to plaintiff's judgment. We will proceed to state the grounds of our conclusions upon this branch of the case.

V. The organ was purchased by the husband in 1875. The wife was present when the purchase was made, and both she and the husband testify that she informed the seller that she would not be liable for it. Their testimony fails to show an agreement by the seller

*3. HUSBAND and wife : family expense: cost of organ.*

that he would look alone to the husband for payment. They unite in the statement, which is contradicted by the vendor's evidence, that the seller replied to her declaration that she would not pay for the instrument, by asserting that the husband's note was good enough. But this does not amount to proof of an agreement to relieve the wife of liability. It is insisted by defendants that the organ was not purchased by the husband for use in the family, but for the purpose of " speculation;" that is, for sale at a profit. It is shown that the husband did offer to sell the organ. But we conclude that, whatever may have been the husband's purpose at the time of the purchase, it was devoted to the use of the family. It was used by one of the daughters, who received instruction to some extent in the use of the instrument, and became able to play a little. Visitors used it. It was kept as any other article of family use from the time of its purchase, in 1875, to the day the testimony was taken, about seven years. Surely it cannot be regarded as an instrument kept for sale. We have held that the purchase of a piano for use in the family is a family expense, which may be charged against the property of the wife. *Smedley v. Felt*, 41 Iowa, 588. An organ comes under the same rule.

VI. It is urged by defendants that, as the wife was not a party to the case in which the judgment was entered, and no

<span style="margin-note">SAME: judgment against husband alone: assignment of: subjection of wife's property to.</span> judgment has been rendered against her for the price of the organ, and, as the judgment alone, and not the claim or cause of action upon which it was rendered, was assigned to plaintiff, he cannot recover in this action. We will briefly consider these objections. Code, § 2214, provides that " the expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or of either of them, and in relation thereto they may be sued jointly or separately." Here a right is created and a liability declared, but no remedy is provided or pointed out. The right declared is that the creditor of the husband or wife, for

family expenses, may have a remedy against both. The lia-
bility created is that both shall be liable for family expenses.
The remedy to enforce the provision is not pointed out, fur-
ther than that the indebtedness contemplated by the provision
may be "chargeable upon the property of both husband and
wife." ·It has been held that under this provision each is
personally liable. *Smedley v. Felt*, 41 Iowa, 588; *Law-
rence v. Sinnamon*, 24 Id., 80; *Finn v. Rose*, 12 Id., 565;
*Jones v. Glass*, 48 Id., 345; *Farrer v. Emery*, 52 Iowa, 725.
But it cannot be held that the remedy under this provision
is limited alone to a personal judgment, and that, by proper
proceedings, the property of the ·wife may not be pursued
without the claim for a personal judgment against her. This
is precisely what plaintiff seeks to do in this case. No prej-
udice results to the wife by seeking to enforce the debt
against her property without asking a personal judgment
against her. The statute, in declaring that her property shall
be charged, clearly implies that a remedy against it is con-
templated.

VII. The action cannot be defeated on the ground that
no assignment of the claim against the wife is shown. The
SAME.          wife was not a party to the original contract, nor
to the note. She was not a party to the action
whereon the judgment was rendered. The evidence of the
debt was changed from an oral contract to a note, and from
the note to the judgment. The debt all the time continued
the same. This debt was continually enforceable against the
wife's property. Her liability followed the debt. An assign-
ment of the claim as against her, therefore, is not necessary
to authorize plaintiff to bring this action. See *Lawrence v.
Sinnamon*, *supra*.

VIII. Regarding the liability of the wife as secondary, in
a sense, as following the debt, it continues as long as a right
SAME: statute    of action exists against the husband. He may
of limitations.  change the form of the evidence of the debt, so
that the statute of limitations will not bar recovery; the

debt, enforceable at law, continues, and with it the wife's liability. *Lawrence v. Sinnamon, supra.*

IX. The plaintiff does not appeal, and does not complain of the decree of the court below. He must be regarded as being satisfied with it. Had he appealed, he would have been entitled to a decree subjecting to his judgment both the land and the lots. But, as he does not appeal, we cannot give him relief subjecting to his judgment property which was discharged by the decree of the court below, of which he does not complain.

4. APPEAL to supreme court: trial de novo: rights of party not appealing.

AFFIRMED.