[Filed January 4, 1888.]

## T. J. BLACK, APPELLANT, *v.* NANCY SIPPY, RESPONDENT.

MARRIED WOMEN — LIABILITY OF, FOR FAMILY EXPENSES. — The wife is liable for goods for family use, although sold to the husband on his individual credit, under section 10 of the Session Laws of 1870, and the husband may change the form of indebtedness by giving his note for the account, without releasing her. Nor is the remedy against the wife extinguished by the assignment of such note.

APPEAL from Linn County. Reversed.

*Weatherford & Blackburn,* for Appellant.

*Hewitt & Bryant,* and *N. B. Humphreys,* for Respondent.

LORD, C. J.—This was an action to recover money for goods and merchandise sold and delivered, and the liability of the defendant is founded on section 10 of the Act of October 21, 1878. (Sess. Laws, 1878, p. 94.) A demurrer was interposed to the complaint, on the ground that the facts stated did not constitute a cause of action, which being sustained, and judgment rendered thereon, the plaintiff has appealed to this court. The material facts, without detail, which the demurrer admits, are, that the assignors of the plaintiff at the time alleged, and at the special instance and request of the defendant and John Sippy, her husband, sold and delivered to John Sippy, goods, wares, and merchandise, as shown by an itemized exhibit, some to the husband and some to the wife; that all of said goods and merchandise were purchased and received for the use of the family of the said defendant and John Sippy, and that they were necessaries, and were used as such by them and their family; that the goods and wares so sold and delivered were charged to the husband, John Sippy, and that on a statement of accounts, a certain sum was found due the assignors of the plaintiff; and as evidence of the amount due and owing, and not as a payment, the said John Sippy executed and delivered his note to them; that the said note was assigned to this plaintiff, and that he is now the holder thereof, etc. Section 10 of the act referred to provides: "The expenses of the family and the education of the children are chargeable on the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately." This section is identical with section 2214, Code of Iowa, 1873. As it has already been decided under section 10 that a wife is liable for goods for family use, although sold to the husband on his individual credit (*Watkins* v. *Mason,* 11 Or. 72; following *Smedley* v. *Felt,* 41 Iowa, 588, of the State whence this provision of the statute was taken), it will not be necessary to notice objections falling within the scope of this decision. Our attention, therefore, will be confined

to the other objections remaining, urged in support of the demurrer, viz.: (1) That the acceptance of the note of John Sippy for the goods was payment of the indebtedness on account, or released the defendant, if originally liable on such account; and (2) that by the assignment or transfer of the note, the remedy against the defendant was lost or extinguished.

Nothing is better settled than that accepting a note is not payment of an account, nor is accepting one note in renewal of another payment of the old note, unless there is an agreement that the note should be accepted in payment. In *The Kimball*, 3 Wall. 45, Mr. Justice Field said: "By the general law as well of England as of the United States, a promissory note does not discharge the debt for which it was given, unless such be the express agreement of the parties. It only operates to extend until its maturity the period of the payment of the debt. The creditor may return the note when dishonored, and proceed upon the original debt. The acceptance of the note is considered as accompanied with the condition of its payment. Thus it was said, as long ago as the time of Lord Holt, that 'a bill shall never go in discharge of a precedent debt, except it be a part of the contract that it should be so.'" As the acceptance of the note was not payment, and as already decided (*Watkins* v. *Mason, supra*), the defendant would have been liable on the account, why should a change in the form of the indebtedness from an account to a note operate to release or discharge her, when it has no such effect as to the husband?

The manifest object of this provision of the statute is to charge the property of the husband and wife, so far as necessary, with the support of the family. In furtherance of this object, they may be sued jointly or separately for necessaries incurred as a family expense, and the property of both or either of them rendered liable therefor; and if they are thus liable on account for family expenses charged to the husband, and the taking of the note does not extinguish the indebtedness or operate as payment without an express agreement, it cannot operate to release either of them. The mere changing the form of the indebtedness does not affect the liability of the parties, or operate so

unequally as to release one and hold the other in the absence of some agreement to that effect.

In *Lawrence* v. *Sinnamon*, 24 Iowa, 80, it was held that in the absence of fraud and collusion between the husband and the creditors, the acts, agreements, and promises of the husband in relation to the family expenses, etc., are binding upon the wife, without any express consent or action on her part. The husband may change the form of indebtedness, as by giving his note for the account without releasing her. And that the husband may make such contracts for necessaries, without using the name of the wife, and may give his individual note therefor, for which the property of the wife will be liable, was expressly affirmed in *Smedley* v. *Felt*, 41 Iowa, 590. The giving of the note is often a matter of accommodation, and for an extension of time for payment, so that the wife is entitled to whatever advantage accrues thereby, and there is no reason why, equally with the husband, she should not be held to the same remedies.

It is next objected that the transfer of the note-discharged the defendant from liability. But this question has also been decided adversely to that assumption. In *Frost* v. *Parker*, 65 Iowa, 180, where the husband gave his note for the goods, which was subsequently put into a judgment against him individually, it was held, in an action in chancery to subject the property of the wife to the payment of the judgment, that it was liable. One of the objections raised in that case was that no assignment of the claim against the wife was shown. The court thus answered this objection: " The action cannot be defeated on the ground that no assignment of the claim against the wife is shown. The wife was not a party to the original contract or the note. The evidence of the debt was changed from an oral contract to a note, and from the note to the judgment. The debt all the time continued the same. The debt was continually enforcible against the wife's property. Her liability followed the debt. An assignment of the claim as against her, therefore, is not necessary to authorize the plaintiff to bring this action." In *Phillips* v. *Kerby*, 34 N. W. Rep. 855, it was held that where the husband gives his promissory note for goods purchased and used as family supplies,

the cause of action is not barred against the wife until action upon the note is barred as against the husband, and that this is true where the note has been reduced to judgment against the husband.

As a result of the reasoning of these authorities under an identical provision, the wife is liable for necessaries incurred as a family expense, although originally charged to the husband, and for which he had given his note; nor will the transfer of the note discharge her from such liability.

It was error to sustain the demurrer, and the judgment must be reversed.

STRAHAN, J.—I yield an assent to this decision, solely on the principle of *stare decisis*. When the legislature used the terms "chargeable upon the property," they were using language the signification of which had received a judicial construction, and was fixed in equity, and it ought to be held, therefore, that such language was used in that sense. The effect of such construction would be to create a new remedy in equity against the property of both husband and wife for the necessaries of the family; but Iowa, whence this statute was taken, had given it a different construction prior to its adoption here, which I suppose upon well-settled principles we are compelled to follow.