[Filed May 12, 1890.]

# H. E. HOLMES, RESPONDENT, *v.* FRANCES E. PAGE, APPELLANT.

ACCOUNT STATED—WHEN ASSENTED TO.—An account stated is an account which has been rendered by the creditor, and has been assented to by the debtor as correct, either expressly or by implication of law from failure to object.

ACTION FOUNDED ON THE CONSENT—NOT ON ITEMS.—The action is not founded upon the items of the account, but on the defendant's consent to the balance stated.

FAMILY EXPENSES—WIFE WHEN LIABLE.—Where goods are bought as family expenses and are so used, either husband or wife is liable in an action for them, but the wife cannot be made liable on a contract based on account stated between her husband and the plaintiff to which she has not assented.

APPEAL from Umatilla county: JAS. A. FEE, judge.

This is an action on account stated in which the defendants as husband and wife were sued jointly. The defendant Thomas P. Page made default, but his wife, the defendant Frances E. Page, answered for herself only. Upon issue being joined, after a trial, a verdict and judgment was rendered against the defendant Frances E. Page for the amount demanded, from which the present appeal is taken

*W. F. Butcher*, for Respondent.

*Ramsey & Wager* and *Wm. Parsons*, for Appellant.

LORD, J., delivered the opinion of the court.

The balance on the account stated is alleged to have been due on an account for goods sold and delivered to the defendants for family use, but the record discloses that no accounting ever took place between the plaintiff and the defendant Frances E. Page in which a balance was found due which she agreed to pay. The action is not based upon the original indebtedness for goods sold and delivered by the plaintiff to the defendants for family use, but on an accounting which was had between the plaintiff and the husband of Frances E. Page, in which a balance was found due in the sum named, which he promised to pay. The question raised and to be determined is, whether the assent of the husband to a balance due on account stated binds the wife, the defendant Frances E. Page, with

whom and the plaintiff no account was ever struck and balance found to be due which she undertook or agreed to pay. It arises out of the following instruction: "I instruct you that if you find that an account was stated with Thomas P. Page, and find that Thomas P. Page and Frances E. Page were husband and wife at the time the account was stated, or that they were husband and wife at the time the goods were purchased, then Frances E. Page was bound thereby." The effect of this instruction is to say that the assent of the husband is the assent of the wife, and binds her equally with him, so that if an account was stated between the plaintiff and the husband of the defendant which he admitted to be correct, that she is alike bound thereby, and precluded from making any defense that he could not make. An account stated is an account which has been rendered by the creditor, and has been assented to by the debtor as correct, either expressly or by implication of law from failure to object. *Hooker* v. *Owens*, 17 Or. 523.

The action is based on an agreement between the parties founded upon an examination of the transaction embraced, and has all the force of a contract. It is in the nature of a new promise, but the consideration of the promise is the stating of the account. As Searle, C. J., said: "The original account becomes the consideration for the agreement, and it is not necessary to prove the items of such account, nor can they be inquired into or surcharged except for some fraud, error or mistake, and such grounds, according to the weight of authority, must be set forth in the pleadings." *Auzerais* v. *Naglee*, 74 Cal. 64. The reason is that the action is not founded upon the items of the account, but on the defendant's consent to the balance stated. This agreed statement becomes an original demand, and is equivalent to an express promise to pay the actual sum stated which the creditor becomes entitled to recover. And as this is strictly an action on an account stated, the plaintiff must prove it as alleged in his complaint, and nothing short of such proof will support his

allegation. *Volkening* v. *De Graff*, 81 N. Y. 271. Unless, therefore, the promise or assent of the husband of the defendant operates to bind and make her liable on the account stated, the plaintiff must fail.

Section 2874, Or. Code, provides that "the expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or either of them, and in relation thereto may be sued jointly or separately." Here the liability for family expenses is created against either husband or wife, or both, by the statute. Under this provision each is personally liable when the indebtedness is for the purposes contemplated by it. The fact that the goods sold were for the use of the family and were so used, but were charged to the husband individually, or that he may have given his note for the same, will not exonerate the wife from liability on the original indebtedness so long as such note remains unpaid. In *Black* v. *Sippy*, 15 Or. 575, the action was against the wife to recover money for goods and merchandise sold and delivered for the use of the family which had been charged to the husband, and who, on an accounting, had given his note to the plaintiff for the sum found due which the plaintiff then held and was unpaid, and the defence urged was that the acceptance by the plaintiff of the note of her husband was payment of the original indebtedness; but the court held that the changing of the form of the indebtedness as against him did not release her from liability under the statute to pay for such goods and merchandise incurred as a family expense. No claim was made that the wife was liable on the note, or that her husband in giving such note was agent for her. The action was based on the right given the creditor, and the liability declared by the statute against either or both for a debt for goods and merchandise incurred as a family expense. And, if this action was founded upon the original indebtedness for family expenses, the fact that the items of such indebtedness had been charged to the husband, or that on an adjustment of such account a balance had been found due which

the husband had promised to pay, or for which he had given his note and which remained unpaid, would not defeat her liability for such indebtedness incurred as a family expense.

But the liability sought to be enforced in this action against the defendant is not on an account for goods sold and delivered to the defendant for family use, but it is based on the promise of the husband to pay the balance found to be due on such an account stated between the plaintiff and him on the theory that his promise or undertaking in relation thereto is the wife's, or that in such case he is agent for her, and his engagement alike binds her. It thus appears that the plaintiff is not seeking to enforce her liability under the statute, but on her husband's promise or contract to which she is not a party, or to which she has not assented. And, if she is bound, the plaintiff is not required to prove the items, and she is precluded, except for fraud or mistake alleged, from inquiring into their validity, whether they were bought for family use or not, or to make other defence. To so hold is to make her husband her agent against her will, and to enable him to bind his wife without her assent, express or implied. The principle is elementary that it is only the parties to a contract and their representatives that are bound by it. That a husband may be agent for his wife is not doubted; but, as has been said, "a husband has, by virtue of his relation alone, no implied power to act as agent of his wife in the transaction of her business. Whatever authority he exercises in that capacity must be derived from her prior appointment or subsequent ratification." Mechem on Agency, § 63. It is not disputed that if the goods were bought for family expenses and were used by the family but that the defendant is liable, but she cannot be made liable on a contract based on an account stated between her husband and the plaintiff to which she has not assented. It results that the judgment must be reversed and the cause remanded.