MORSE & LITTELL, Appellants, v. ALLEN MINTON, *et al.*

**Limitation of Actions:** OPEN ACCOUNT: *Family necessaries.* An 1 account is closed, so that limitations begin to run against it, by 2 the giving of a note for the amount due, and the opening of a new account between the parties, which new account is subsequently paid and the payment receipted for as "in full of account."

SETTLEMENT BY HUSBAND: *Inures to benefit of wife.* A wife's liabil- 3 ity under Code, section 2214, which makes husband and wife jointly and severally liable for family expenses, is measured by the husband's contract in respect to such expense, and hence his settlement of the account by note, and the running of limitations against both note and account, inure equally to her benefit.

*Appeal from Buchanan District Court.*—HON. A. S. BLAIR, Judge.

FRIDAY, APRIL 9, 1897.

ACTION at law to recover an amount alleged to be due on an account and on a promissory note. When the evidence had been fully submitted, a verdict was returned for the defendants, by direction of the court. Judgment was rendered thereon, and the plaintiff appeals.—*Affirmed.*

*Ransier & Everett* for appellants.

*E. E. Hasner* for appellees.

ROBINSON, J.—From January, 1879, to March, 1893, the plaintiff, a co-partnership, was engaged in the mercantile business, at Independence, in this state. During that time it sold to the defendants, Allen Minton, and Lodema, his wife, merchandise to a considerable amount. The first count of the petition is based on an account for merchandise alleged to have been purchased by the defendants for family use. The account, as stated, commenced in November, 1879, and continued until March, 1893, amounting to eighty-seven dollars and thirty-five cents. The second count is founded upon a promissory note for the sum of seventy-nine dollars and twenty-five cents, dated January 20, 1881, payable four months after its date, with interest at ten per cent. per annum, and alleged to have been given to evidence a debt due the plaintiff for merchandise sold to the defendants for the use of their family. A demurrer to the second count, on the ground that it was barred by the statute of limitations, was sustained, and the count withdrawn. The defendants in their answer deny indebtedness, and allege that all the items of the account which were charged, to and including the twentieth day of January, 1881, were settled on that date by giving the note set out in the second count of petition, and that so much of the account as had accrued when that note was given is barred by the statute of limitations. The evidence showed the following facts: On the twentieth day of January, 1881, the plaintiff had an account against Allen Minton, on which there was due the sum of seventy-nine dollars and twenty-five cents, and the note referred to was given by him and taken by the plaintiff to balance that account. The plaintiff continued to sell merchandise to Minton after that date, and charges therefor were made in its books, but no

part of the account for which the note was given was continued on the books. On the third day of June, 1892, Minton owed to the plaintiff, as shown by its books, the sum of sixty-five dollars and thirteen cents, which he paid on that date, taking a receipt therefor, which stated that the payment was received "in full of account up to date." The account thus settled did not include anything for which the note was given, but was for merchandise afterwards sold.

I. The appellant contends that the giving the note did not operate as a payment of the account, as no express agreement to that effect is shown; that there was no break in the account, and nothing to cause the statute of limitations to commence to run; hence that there is a continuous open account, which has not been closed, and is not barred by the statute. It was said in *Tucker v. Quimby*, 37 Iowa, 19, that "a continuous open, current account, is an account not interrupted or broken, not closed by settlement or otherwise, and is a running, connected series of transactions." In *Porter v. Railway Co.*, 99 Iowa, 351 (68 N. W. Rep. 725), it was said that when an account "is closed, by settlement or otherwise, it becomes an account stated, and a new promise, either express or implied, arises to pay the ascertained amount." In that case it appeared that the plaintiff had presented to the board of directors of the defendant, a statement of account, which was allowed and ordered paid. That was held, in effect, to constitute an account stated, upon which the statute of limitations commenced to run, although the plaintiff subsequently acquired other demands against the defendant. In 1 Am. & Eng. Enc. Law (2d Ed.), 437, an account stated is defined to be "an agreement, between parties who have had previous transactions of a monetary character, that all the items of the accounts representing such transactions are true, and

that the balance struck is correct, together with a promise, express or implied, for the payment of such balance." It may be that an account stated need not include an agreement that all the items representing the transactions between the parties to it are true, but it includes an agreement, which fixes the amount due by reason of such transactions. It virtually determines what items are correct, and the balance due. "An account stated is in the nature of a new promise or undertaking, and raises a new cause of action between the parties." 1 Am. & Eng. Enc. Law (2d Ed.), 456, and note 2. The giving of the note, January 20, 1881, created the presumption that the account between the parties was settled to that date. *Allen v. Bryson*, 67 Iowa, 596 (25 N. W. Rep. 820); *Grimmell v. Warner*, 21 Iowa, 13. That presumption was not rebutted, but was strengthened, by the closing of the old account, the commencing of a new one, the payment of the new account, and the giving of a receipt, when that was done, "in full of account" to that date. The conclusion cannot be avoided, that the account was fully stated and closed in January, 1881, and that the balance found due was settled by the giving of the note.

II. It is urged that, although the right of action against the husband is barred, it survives as to the wife. The charges made by the plaintiff were made in its books against the husband alone. They were for merchandise designed for family use, and the liability of the wife for it is statutory, created by section 2214 of the Code, in words as follows: "The expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or of either of them, and in relation thereto, they may be sued jointly or separately." Under this provision the wife is liable for

family expenses incurred by the husband, although she be not named as a party to the contract. Her liability is measured by the provisions of his contract, and if he purchase merchandise, to be paid for at a future date, the cause of action accrues against her when it does against him. *Lawrence v. Sinnamon*, 24 Iowa, 80. He cannot, by a subsequent contract, increase the amount for which she is liable, as by giving a promissory note which provides for a higher rate of interest than that for which she was liable under the original contract, or for attorney's fees. *Fitzgerald v. McCarty*, 55 Iowa 706 (8 N. W. Rep. 646). But if he change the time of payment after the expense is incurred, as by giving his note due at a later date than that on which the debt was originally payable, the wife is bound by the change. *Lawrence v. Sinnamon, supra; Davidson v. Biggs*, 61 Iowa, 309 (16 N. W. Rep. 135); *Frost v. Parker*, 65 Iowa, 182 (21 N. W. Rep. 507); *Waggoner v. Turner*, 69 Iowa, 128 (28 N. W. Rep. 568); *Phillips v. Kirby*, 73 Iowa, 278 (34 N. W. Rep. 855). The settlement made in this case by the husband was effectual as against the wife, also, and fixed her liability for the amount then due. The note which he gave extended the time of payment, as to her, for all of the account in settlement of which the note was given; and, since a right of action on that is barred by the statute, the right of action against her is also barred. But even if this were not so, and her liability depended upon the account alone, the settlement of that effected by her husband when the note was given, made it an account stated, as to her, and the statute would have commenced to run at that time. What we have said does not conflict with the case of *Polly v. Walker*, 60 Iowa, 86 (14 N. W. Rep. 137); cited by the appellant. We conclude that the alleged cause of action of the plaintiff is barred by the statute of limitations, as to both husband and wife; and since there

was no conflict in the evidence in regard to that matter, the district court properly directed a verdict for the defendants, and its judgment is AFFIRMED.