Edgar Boss, Administrator of Estate of A. H. Palmer, v. Henry Jordan, Laura A. Jordan and Margareta Hansen, Appellants.

Action to Subject Property to Judgment: FAMILY EXPENSE: WIFE'S PROPERTY. A judgment against the husband alone for a family expense may be enforced in an equitable action against the property of the wife under section 3165 of the Code.

Purchase of Property After Action Begun. One who purchases property after action has been commenced to subject it to the satisfaction of a judgment acquires no rights adverse to the plaintiff.

Right of Jury Trial: WHEN TO BE ASSERTED. In an equitable action to subject property of the wife to the satisfaction of a judgment against the husband on a claim for family expense, the wife cannot be heard to say for the first time on appeal that she had the right of trial by jury.

*Appeal from Black Hawk District Court.*—Hon. Franklin C. Platt, Judge.

Saturday, April 11, 1902.

Action in equity to subject certain property of Laura A. Jordan to the satisfaction of a judgment against her husband, Henry Jordan. Decree for plaintiff, from which defendants appeal.—*Affirmed.*

*Hemenway & Martin* for appellants.

*Alfred Grundy* for appellee.

McClain, J.—Plaintiff's intestate recovered judgment against Henry Jordan on a promissory note executed to one Janns for alleged medical services, and brought this

1. FAMILY expense: judgment for: wife's property.

action to subject the property in question to the payment of that judgment, claiming that the medical services for which the note was given were a family expense for which Laura A. Jordan,

as wife of the judgment defendant, was liable, under the language of Code, section 3165, which provides that "the expenses of the family    *    *    *    are chargeable upon the property of both husband and wife, or either of them." It is contended on behalf of appellant that the property of the wife cannot be subjected to a judgment against the husband for family expenses until a judgment has been rendered against her in a proceeding to which she is a party, and that, as no such judgment has ever been rendered in this case, Laura A. Jordan has not had her day in court with reference to the validity of plaintiff's claim, and has had no opportunity to show that the note was without consideration.    It seems, however, to be well settled that the wife cannot inquire into the validity of an indebtedness created by the husband for family expenses, and that, when an expense has been incurred by him for that purpose, for which he is liable, her property thereby becomes bound for its payment.    *Lawrence v. Sinnamon*, 24 Iowa, 80; *Smedley v. Felt*, 41 Iowa, 588; *Frost v. Parker*, 65 Iowa, 178.    It is not necessary to go so far in this case, for the wife was allowed to plead that the note on which the judgment was rendered was without consideration, and to introduce evidence to that effect if she could, but this defense was not established.    That a creditor who has obtained a judgment against the husband for family expenses may in an equitable action subject the property of the wife to the payment thereof, without first recovering a judgment at law against the wife, is settled by *Frost v. Parker, supra.*

The defendant Margareta Hansen claims to have purchased the property which plaintiff seeks to subject to the payment of his judgment, but it appears that she pur-

2. Purchase of property after action begun.

chased after this action was brought, and therefore her rights are subject to those of the plaintiff.    If, as she contends, she has partially satisfied a mortgage lien on the property in favor

of a third person, which antedates the bringing of the action, she may perhaps be entitled to subrogation to the claims of the mortgagee *pro tanto*. But s..e has no interest which can be interposed to defeat plaintiff's remedy in this action.—AFFIRMED.

---

### SUPPLEMENTAL OPINION, MONDAY, OCTOBER 27, 1902.

PER CURIAM.—In a petition for rehearing, it is contended for appellant Laura A. Jordan that the effect of the opinion theretofore rendered in this case is to deprive

3. RIGHT of jury trial: when to be asserted.

her of a jury trial on the question as to whether the indebtedness on which judgment was rendered against her husband was for family expenses; and counsel insist that the case of *Frost v. Parker*, 65 Iowa, 178, on which the opinion is based, is wrong, and should be overruled. The difficulty standing in the way of the consideration of that question is that the basis for it is not furnished by the record. The answer of Laura A. Jordan contains a specific denial that the note on which the judgment against her husband was rendered was given for medical services, and contains the further specific allegations that such medical services were of much less value than the amount for which the note was executed, and that the note was procured from her husband by fraud, and without consideration. A demurrer to her answer was overruled, and she was given every opportunity to introduce evidence in support of her allegations. The court found against her on the issues raised by her answer, and rendered judgment subjecting her property to the payment of the claim for family expenses against her husband. As to the contention that Laura A. Jordan was entitled to the trial of these issues in a proceeding at law, instead of in this equitable proceeding, it is sufficient to say that no such question

was raised. Appellant answered in an equitable action without raising any question as to the forum, and cannot make such objection now.

The former opinion is adhered to.