Argued May 3, affirmed May 18, rehearing denied June 22, 1915.

## DALE v. MARVIN.

(148 Pac. 1116; 148 Pac. 1151.)

**Statutes—Adoption of Statute of Sister State—Construction.**

1. Where the legislature adopts a statute from another state, the construction given the act by the courts of the other state prior to its enactment in this state usually governs in interpreting such act here.

**Husband and Wife—Household Expenses—Liability on Note—Statute.**

2. Under Section 7039, L. O. L., providing that the expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or of either of them, and that in relation thereto they may be sued jointly or separately, although an action at law may be maintained against a married woman for the value of goods purchased by her husband and used as family necessaries, yet the realty of a wife cannot be subjected to the payment of a note given by her husband to evidence his liability to a tradesman for household supplies; her liability under the statute being only upon the original account for goods sold and delivered.

[As to conflict of laws relating to the liability of married woman, see note in 46 Am. St. Rep. 446.]

**Constitutional Law—Due Process of Law—Separate Property—Liability for Household Goods—Constitution—Statute.**

3. Where a creditor, to whom a husband had given a note representing his liability for household goods, sought to enforce against

the wife her joint liability with the husband for such expenses under Section 7039, L. O. L., by levying execution upon the wife's homestead estate under judgment against the husband alone in an action on his note, the attempt was in contravention of the organic law, which guarantees to a citizen the right of trial by jury before he or she may be deprived of property, unless the wife's realty was fraudulently conveyed to her by her husband.

[As to liability of wife for necessaries, see note in 31 Am. Rep. 697.]

Judgment—Conclusiveness—Persons Bound—Husband and Wife.

4. A wife is not bound by judgment in an action against her husband to which she was not a party.

From Wallowa: JOHN W. KNOWLES, Judge.

In Banc.    Statement by MR. CHIEF JUSTICE MOORE.

This is a suit by Mary E. Dale against Edgar Marvin, Sheriff, and others to enjoin a threatened clouding of the title to real property. The complaint charges, in effect, that pursuant to the provisions of the laws of the United States, James H. Dale, prior to the year 1900, made a homestead entry upon a tract of land, particularly describing the premises, in Wallowa County, Oregon; that on March 9, 1900, he gave to the defendants Bart Stephenson and F. M. Hitt, partners as Stephenson & Hitt, his promissory note for $170, maturing in six months, with interest at 10 per cent, stipulating to pay such additional sum as the court might adjudge reasonable as attorney's fees, in case an action was commenced to collect the note or any part thereof; that a patent was issued to Dale for his homestead April 9, 1901; that on March 4, 1903, Stephenson & Hitt commenced an action in a Justice's Court of that county against Dale to recover the amount of the note; that eight days thereafter, and while that action was pending, Dale executed to his wife, the plaintiff herein, a deed to his homestead, which conveyance was duly recorded the day it was

76 Or.—34

made; that on March 16, 1903, judgment was given in that action for the amount of Dale's note, attorney's fees, costs and disbursements, and three days thereafter a proper transcript of the judgment was duly entered in the judgment docket of the Circuit Court for that county; that on March 11, 1913, by consideration of the latter court, the judgment referred to was renewed and re-entered in the judgment docket; that four days thereafter Stephenson & Hitt caused an execution to be issued on the judgment, and delivered the writ to the defendant Edgar Marvin, the sheriff of that county, who levied upon the plaintiff's land and advertised it for sale; that a sale of the premises, if allowed to be made, will cloud the title to the plaintiff's real property to her irreparable injury; and that the promissory note mentioned, having been given before the patent was issued, the homestead, under Section 2296, Revised Statutes of the United States (U. S. Comp. Stats. 1913, § 4551), is exempt from execution. The answer admitted all the averments of the complaint, except that the threatened sale of the land would be to the plaintiff's irreparable injury, and that the premises were exempt from execution, which averments were denied. For a further defense it was alleged, in substance, that prior to the giving of the, note, Stephenson & Hitt sold and delivered to Dale, at his request, groceries, clothing, dry-goods, and farming utensils of the reasonable value of $170, which goods, etc., were purchased for and used by the plaintiff and her husband as family expenses, and that to evidence the amount so due and owing, but not as payment thereof, the promissory note was given and accepted. The answer practically reiterates the averments of the complaint, and for a second defense alleges that for a valu-

able consideration Dale executed to his wife a deed of his homestead, which land is subject to the payment of the judgment mentioned. For a third defense it is averred that on August 27, 1907, the plaintiff secured the legal title to another tract of land in that county, particularly describing the premises, which real property is also liable to the payment of the judgment referred to. A motion to strike out the second and third defenses was allowed, and a demurrer to the remainder of the averments of the answer was sustained, whereupon a decree was rendered as prayed for in the complaint, and the defendants appeal.

AFFIRMED. REHEARING DENIED.

For appellants there was a brief and an oral argument by *Mr. Thomas M. Dill.*

For respondent there was a brief over the name of *Messrs. Sheahan & Cooley,* with an oral argument by *Mr. A. S. Cooley.*

Opinion by MR. CHIEF JUSTICE MOORE.

The statute declaring the liability of each spouse for household outlays reads:

"The expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or of either of them, and in relation thereto they may be sued jointly or separately": Section 7039, L. O. L.

This law, enacted in the year 1878, was evidently borrowed from Iowa, for the statute of that state upon this subject is identical with the language quoted: Ann. Code of Iowa, 1897, § 3165; *Watkins* v. *Mason,* 11 Or. 72 (4 Pac. 524). The defendants' counsel assert that, having thus appropriated the statute of

Iowa, the construction put upon the enactment by the Supreme Court of that state was also adopted, whereby the rule established in the case of *Frost* v. *Parker,* 65 Iowa, 178 (21 N. W. 507), is controlling herein, and, this being so, errors were committed in awarding the relief granted. In the case relied upon the defendant husband gave his promissory notes for an organ which was used in the family. During the pendency of an action on the notes against the husband he executed a deed of his real property to another person, who immediately conveyed the premises to the defendant's wife. A judgment, rendered in that action against the husband alone, was transferred, and the assignee instituted a suit in equity against the husband and wife to subject her land to the lien of the judgment, alleging in the bill that the conveyances were fraudulent, and that the debt for which the judgment was rendered was contracted for family expenses. In deciding that case it was held that the purchase of the organ was an expense incurred on account of the family; that though the husband gave his individual note for the musical instrument, and judgment against him alone was rendered, the plaintiff, as assignee of the judgment, was entitled to the relief sought, and that such right to equitable relief was not barred by the statute of limitations so long as the debt, in the form which it had assumed, was not barred against the husband. Mr. Justice Beck, in reaching that conclusion, observes:

"We find it unnecessary to inquire into the good faith and validity of the deeds under which the wife claims title to the land, for the reason that, if it be conceded that they are valid, and that her title is not tainted by fraud, the land, as well as the lots, may in this action, be held subject to plaintiff's judgment."

Further in the opinion the writer, referring to the statute of Iowa, says:

"Here a right is created and a liability declared, but no remedy is provided or pointed out. The right declared is that the creditor of the husband or wife, for family expenses, may have a remedy against both. The liability created is that both shall be liable for family expenses. The remedy to enforce the provision is not pointed out further than that the indebtedness contemplated by the provision may be 'chargeable upon the property of both husband and wife.' It has been held that under this provision each is personally liable. * * But it cannot be held that the remedy under this provision is limited alone to a personal judgment, and that, by proper proceedings, the property of the wife may not be pursued without the claim for a personal judgment against her. This is precisely what plaintiff seeks to do in this case. No prejudice results to the wife by seeking to enforce the debt against her property without asking a personal judgment against her. The statute, in declaring that her property shall be charged, clearly implies that a remedy against it is contemplated."

1. When the legislative assembly of Oregon adopts a statute from another state, the construction given to the act by the court of last resort of the state from which the law was borrowed, made prior to its enactment in this state, usually governs the interpretation in Oregon: *State* v. *Townsend,* 60 Or. 223 (118 Pac. 1020) ; *Hoskins* v. *Dwight,* 69 Or. 558 (139 Pac. 922). In *Black* v. *Sippy,* 15 Or. 574 (16 Pac. 418), which was an action to recover the value of merchandise purchased for and used by a family as necessary expenses, it was ruled that a promissory note, given by the husband to evidence the purchase price of the goods, might be disregarded and a recovery had against the wife upon an itemized exhibit of the articles of merchandise

sold and delivered. In that case Mr. Chief Justice
LORD, referring to the cases of *Frost* v. *Parker*, 65
Iowa, 178 (21 N. W. 507), and *Phillips* v. *Kirby*, 73
Iowa, 278 (34 N. W. 855), decided, respectively, De-
cember 4, 1884, and October 27, 1887, says:

"As a result of the reasoning of these authorities
under an identical provision, the wife is liable for
necessaries incurred as a family expense, although
originally charged to the husband, and for which he
had given his note; nor will the transfer of the note
discharge her from such liability."

In a concurring opinion, Mr. Justice STRAHAN ob-
serves:

"I yield an assent to this decision solely on the prin-
ciple of *stare decisis*. When the legislature used
the terms 'chargeable upon the property,' they were
using language the signification of which had received
a judicial construction, and was fixed in equity, and it
ought to be held, therefore, that such language was
used in that sense. The effect of such construction
would be to create a new remedy in equity against the
property of both husband and wife for the necessaries
of the family; but Iowa, whence this statute was taken,
had given it a different construction prior to its adop-
tion here, which I suppose upon well-settled principles
we are compelled to follow."

2. That an action at law may be maintained against
a married woman to recover the reasonable value of
goods, wares, and merchandise purchased for and
used as family necessities is conceded under the prac-
tice prevailing in Oregon. She is not liable, however,
on a contract based on an account stated between her
husband and the merchant who sold and delivered
goods of that kind: *Holmes* v. *Page*, 19 Or. 232 (23
Pac. 961). A married woman would therefore not be
liable on a promissory note executed by her husband

to evidence the purchase price of family expenses. This conclusion repudiates the doctrine promulgated in *Frost* v. *Parker,* 65 Iowa, 178, (21 N. W. 507), which case was decided after the enactment of Section 7039, L. O. L., and hence the rule so announced is not controlling in the case at bar. The statute referred to creates, as to the husband and wife, a personal liability which may be enforced in an action at law against them jointly or severally. If both have not joined in executing a promissory note, or assented to the accuracy of an account stated to evidence the value of the necessaries purchased, a recovery can be had against the spouse who did not join in giving or consenting to such memorandum only upon the original account of the goods sold and delivered.

3. Section 7039, L. O. L., does not treat the marital relation as a partnership, so that the signing of the firm name to a promissory note by one spouse, to evidence expenses incurred on account of the family, is thereby rendered an obligation binding upon the other, who did not join in executing the writing. While the husband and wife may be sued jointly for family expenses, an action for such recovery is usually several and brought against the party who owns property which by the statute is made chargeable with such expenses, and such being the general practice, the spouse who has no property, though he may, in the first instance, impose a burden upon the property of his life associate, for the value of such goods as he may purchase as family necessities, ought not to be permitted by any act of his own to extend the statute of limitations against the other spouse who, in our opinion, is not a surety, as has been held in some other jurisdictions. Each spouse under the organic law of

this state is guaranteed the right of a trial by jury, in an action at law, before his property becomes ultimately liable for the payment of the reasonable value of goods sold and delivered, assuming always that no fraud has been practiced by a conveyance of property from one spouse to the other in anticipation of the rendition of a judgment in such action, in which case equity would undoubtedly afford relief if no laches had occurred.

4. In the case at bar, it will be remembered, the answer avers that the plaintiff secured a conveyance from her husband of his homestead for a valuable consideration. She never had an opportunity to contest an averment of the quantity of goods sold and delivered, or to challenge the value thereof. She is not liable upon the promissory note given by her husband to evidence the purchase price of such merchandise, nor is she bound by the judgment rendered against him since she was not a party to that action. As to her, the statute of limitations of six years has run against the original demand.

The conclusion reached renders it unnecessary to consider Section 2296 of the Revised Statutes of the United States, exempting homesteads from enforced sales upon execution. No error was committed as alleged, and the decree is affirmed.

AFFIRMED.   REHEARING DENIED.

Denied June 22, 1915.

ON PETITION FOR REHEARING.

(148 Pac. 1151.)

*Mr. Thomas M. Dill,* for the petition.

*Messrs. Sheahan & Cooley, contra.*

In Banc.   Opinion by MR. CHIEF JUSTICE MOORE.

In a petition for a rehearing it is maintained that an error was committed in holding the statute of limitations was not extended as to the plaintiff whose husband, in order to evidence the purchase price of goods, wares and merchandise bought for and used as family expenses, had executed therefor a promissory note upon which obligation a judgment was rendered; and that Section 7039, L. O. L., having been obtained from Iowa, the construction placed upon the statute by the Supreme Court of that state prior to its adoption in Oregon is controlling herein.   Our statute was enacted in the year 1878.   In *Lawrence* v. *Sinnamon,* 24 Iowa, 80, decided January 28, 1867, in construing the Iowa statute, it was held that the husband being the head of the family was not only authorized to make purchases of household expenses in his own name, but to change the form of evidence of the indebtedness arising therefrom by executing his promissory note for the amount, thereby taking the case out of the statute of limitations as to the wife.

In *Polly* v. *Walker,* 60 Iowa, 86 (14 N. W. 137), decided December 7, 1882, a judgment was rendered against a husband, with his consent in the year 1867, for the value of goods purchased for use in the family

as necessaries. In March, 1881, the husband being insolvent and the judgment remaining unpaid, an execution issued thereon was levied upon the real property of the wife, who thereupon instituted a suit to enjoin the sale. A cross-bill was interposed by the defendants, alleging that the husband and wife were liable for the value of the goods so sold, and that taking a judgment against him alone, did not in any manner release her from the debt or relieve her property from liability. A demurrer to the cross-bill, on the ground that the cause of suit was barred by the statute of limitations, was sustained and the defendants appealed. In affirming the decree, Mr. Justice ROTHROCK, speaking for the court, says:

"Counsel for appellant contends that, although this debt was contracted prior to 1867, and suit was brought in that year against the husband alone, and judgment obtained against him, without any reference to the wife or her property, the judgment, or rather the original claim, may now be made a charge upon her property, because the judgment is not barred by the statute of limitations as against the husband. In other words, it is claimed that, so long as the debt exists against the husband, it may be enforced as a charge or lien upon the wife's property; and reliance is had upon the case of *Lawrence* v. *Sinnamon,* 24 Iowa, 80." Further in the opinion it is observed: "When the judgment was rendered against the husband for this debt, although it operated to extend the time within which the claim could be collected of him, it was not a contract binding upon the wife, nor in any manner connecting her with it, as in the case of *Lawrence* v. *Sinnamon, supra.* In our opinion the demurrer to the cross-petition was correctly sustained."

Relying probably upon the rule announced in *Polly* v. *Walker,* 60 Iowa, 86 (14 N. W. 137), but not refer-

ring to that case, it was held in *Black* v. *Sippy,* 15 Or.
574 (16 Pac. 418), an action to recover the value of
merchandise sold and delivered, decided in January,
1888, that the wife was liable for goods purchased
for family use, although sold to the husband on his
individual credit, and that he might change the form
of indebtedness by giving his promissory note for the
account, without releasing her.

So, too, in *Holmes* v. *Page,* 19 Or. 232 (23 Pac. 961),
decided in May, 1890, it was ruled that where goods
were purchased and used as family expenses, either
the husband or the wife was liable in an action for
them, but that the wife could not be held on an ac-
count stated between her husband and the mer-
chants, to which contract she had not assented. It
will thus be seen that this court, in deciding the cases
last cited, followed the rule adopted by the Supreme
Court of Iowa in *Polly* v. *Walker,* 60 Iowa, 86 (14 N. W.
137). Without referring to that case, so far as we
have been able to ascertain, other decisions of that
court seem to have departed from the legal principle
thus promulgated.

In *Fitzgerald* v. *McCarty,* 55 Iowa, 702 (8 N. W.
646), it was held that a wife could not be charged with
attorney's fees and interest at a greater rate than that
prescribed by statute, when no contract to that effect
had been made, because her husband had given a prom-
issory note stipulating therefor, to evidence the pur-
chase price of goods obtained and used as family ex-
penses.

The statute imposes upon the property of the hus-
band and the wife a joint and several liability for the
reasonable value of goods, wares and merchandise
purchased by either spouse and used in the family

as necessary expenses. The burden thus cast results from a proceeding *in invitum* and repels the presumption that one spouse is the agent for the other, and while the statute of limitations may be extended by one of the parties, the other is not bound thereby. The remedy against the one who did not join in executing a promissory note or in assenting to a stated account must be based upon an itemized account of the goods sold and delivered, and the action must be instituted, in order to be maintainable, within six years from the sale of such merchandise.

We adhere to the former opinion, and the petition for a rehearing is denied.

AFFIRMED. REHEARING DENIED.