Argued November 19, reversed and remanded December 23, 1919.

## FRANCE *v.* FRANCE.

(185 Pac. 1108.)

**Husband and Wife—Note Signed by Wife not Joint Obligation of Husband and Wife.**

1. A promissory note signed by the wife alone is not the husband's joint obligation, since a joint obligation is one by which several obligors promised to perform the obligation, nor is it made joint by the fact that the proceeds were used in paying family expenses, for which Section 7039, L. O. L., renders the husband and wife equally liable.

From Marion: PERCY R. KELLY, Judge.

Department 1.

This is an action based upon a decree, and to enforce one of the requirements thereof. The complaint discloses that on November 13, 1913, a decree of divorce was rendered between the parties hereto, in a suit wherein the present plaintiff was defendant and the present defendant was plaintiff. The decree referred to is made a part of the complaint, and the particular clause upon which this action is founded reads as follows:

"That plaintiff pay the joint indebtedness mentioned herein, amounting to approximately $900."

The complaint alleges that it was agreed between the parties hereto, prior to the rendition of that decree, that a certain note for $300, signed by the plaintiff herein and payable to Robert Poinsett, was given by plaintiff as evidence of money borrowed to pay off joint indebtedness of the parties hereto, and was a part of the joint indebtedness referred to in such decree. It is further averred that the $300, so borrowed by plaintiff from Poinsett was disbursed to pay certain

bills for medical and surgical services, drug bills, telephone service, etc., for the use and benefit of the family of plaintiff and defendant. It is then narrated that defendant thereafter refused to pay the debt, and Poinsett commenced an action against plaintiff which resulted in a judgment against her in the sum of $328.50, and costs amounting to $45.50; that defendant refused to pay the judgment and plaintiff was compelled to pay it, and has also become obligated to pay $50 for legal services in contesting the action on the note, and in this proceeding, for all of which she asks judgment.

To this complaint defendant filed a demurrer upon the ground, among others, that it did not state facts sufficient to constitute a cause of action. The demurrer being overruled, an answer was made denying the allegations of the complaint, and alleging that defendant has paid everything that was required by the terms of the decree. A trial by jury was had, resulting in a verdict and judgment for plaintiff, and defendant appeals.                    REVERSED AND REMANDED.

For appellant there was a brief and an oral argument by *Mr. Walter C. Winslow.*

For respondent there was a brief and an oral argument by *Mr. A. G. Thompson.*

BENSON, J.—The demurrer should have been sustained. The decree upon which the action is founded is made a part of the complaint, and it appears therein, that it ordered this defendant to pay the "joint indebtedness mentioned herein," and none is specified. It is very doubtful as to whether or not it is permissible to look elsewhere for such obligations, since there is

nothing ambiguous or obscure in the language of the decree, but a total absence of the necessary specification, and it is beyond the power of the court to add to the decree. It further appears from the allegations of the complaint, that the Poinsett note is not a joint indebtedness. The defendant never signed the note and it is not a joint obligation. Bouvier's Law Dictionary defines joint debtors as "two or more persons jointly liable on the same debt." In 2 Words & Phrases, 2d Series, we find a joint obligation defined as "one by which several obligors promise to the obligee to perform the obligation." Plaintiff urges, however, that since the money obtained from Poinsett was expended in paying for family expenses, for which, under our statute, Section 7039, L. O. L., the husband and wife are equally liable, the note must constitute a joint indebtedness.

*Holmes* v. *Page,* 19 Or. 232 (23 Pac. 961), was an action against husband and wife, upon an account stated between the plaintiff and the husband. It was sought to hold the wife as a defendant, upon the theory that because the original debt was for family expenses, she was equally liable with her husband, but, as Mr. Justice LORD points out, the action is not based upon the original debt but upon the account stated, with which the wife had nothing to do, and therefore the plaintiff cannot recover.

In *Dale* v. *Marvin,* 76 Or. 528 (148 Pac. 1116, 1151, Ann. Cas. 1917C, 557), Mr. Chief Justice MOORE, commenting upon the doctrine of *Holmes* v. *Page,* 19 Or. 232 (23 Pac. 961), says:

"A married woman would therefore not be liable on a promissory note executed by her husband to evidence the purchase price of the family expenses. This conclusion repudiates the doctrine promulgated in *Frost* v.

*Parker,* 65 Iowa, 178 (21 N. W. 507), which case was
decided after the enactment of Section 7039, L. O. L.,
and hence the rule so announced is not controlling in
the case at bar.   The statute referred to creates, as to
the husband and wife, a personal liability which may be
enforced in an action at law against them jointly or
severally.   If both have not joined in executing a
promissory note, or assented to the accuracy of an ac-
count stated to evidence the value of necessaries pur-
chased, a recovery can be had against the spouse who
did not join in giving or consenting to such memoran-
dum only upon the original account of the goods sold
and delivered.''

In the case at bar, the note does not even evidence
debts for family expenses, but borrowed money, which
plaintiff avers was subsequently expended for family
expenses.

Under these authorities cited, we must conclude that
the facts stated in the complaint do not permit a re-
covery.   As to whether or not the plaintiff might
recover in some other proceeding, we do not decide,
for the question is not before us.

The judgment is reversed and the cause remanded to
the lower court, with directions to enter an order sus-
taining the demurrer.       Reversed and Remanded.

Burnett, Harris and Bean, JJ., concur.