### Nellie Lewis v. Thomas J. Lynch, Administrator of the Estate of Andrew Lynch.

1. LIMITATIONS—*Debt for Family Expenses—Husband and Wife— Power of One to Arrest the Statute as to the Other.*—Under section 15, chapter 68, R. S., entitled "Husband and Wife," the expenses of the

family and the education of the children are a charge upon the property of both husband and wife, and in relation thereto, they may be sued jointly or separately. Neither can, by any act of his or her own, arrest the running of the statute of limitations upon such indebtedness as to the other, and neither can the debt be revived after the statute has run by either without the consent of the other.

2. STATUTES—*Adopted from Other States—Rule of Construction.*— The construction of a statute by the courts of one State, adopted in another, will generally be accepted in the State adopting it, except when it is opposed to the spirit of the general laws of the latter State.

3. PRACTICE—*Filing Additional Pleas.*—Under section 24, chapter 110, R. S., entitled "Practice," the court has power to permit additional pleas to be filed at any time before judgment.

Assumpsit, for goods, etc. Appeal from the County Court of La Salle County; the Hon. H. W. JOHNSON, Judge, presiding. Heard in this Court at the May term, 1895. Reversed and remanded. Opinion filed December 10, 1895.

SNOW & HINEBAUGH, attorneys for appellant.

BUTTERS, CARR & GLEIM, attorneys for appellee.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This action was brought by appellee, administrator of the estate of Andrew J. Lynch, deceased, in the County Court, February 14, 1895, to recover on an account for certain merchandise claimed to have been sold and delivered to Edward C. Lewis, commencing June, 1884, and closing March, 1886. The goods were charged to the husband of the appellant, Edward C. Lewis. The total amount of the claim agreed upon was $207.07.

The right to recover, as declared in the declaration, was that Nellie Lewis and Edward C. Lewis were husband and wife, and the goods were bought and used, and became and were "a family expense," and by virtue of the statute, the appellant was liable to pay for them. Also, in the third count of the declaration, as well as the fourth, appellant was charged with the purchase of the goods, and it was averred that they were used in the family of the defendant and her husband. The pleas, so far as we need notice them,

were, first, the general issue; second, plea of the statute of limitations, alleging that the cause of action did not accrue within five years next before the commencement of the suit. Appellee replied to the second plea, that the action did accrue within five years. And after the testimony was heard by the court, and the case taken under advisement (a jury having been waived), appellee obtained leave to file an additional replication to the second plea of the appellant, setting up that Edward C. Lewis, being still the husband of the defendant and the head of the family, residing with the same, and being still indebted to Andrew J. Lynch for said expenses of said family, as in the declaration named, on December 11, 1886, executed to Andrew J. Lynch, his certain promissory note for $220.23, due in six months, with interest at eight per cent per annum, said sum of money being then and there due and owing by E. C. Lewis and defendant for expenses of the family of defendant and E. C. Lewis.

To this replication appellant interposed a demurrer which was overruled by the court, and appellant abided by the demurrer. Appellant also excepted to the order of the court permitting this additional replication to be filed after the cause was heard and taken under advisement.

Judgment was rendered against appellant for $292.87, and cost of suit, $85.80 of which was interest on the account or note.

We think the objection that the court had no power to allow the replication to be filed at the time it did, is not tenable under our statute. Under section 24, chapter 110, of the Practice Act, amendments of this kind may be made at any time before final judgment. Another point appellant makes is, that the evidence failed to sufficiently show that the goods were used in the family of the appellant and E. C. Lewis.

On this point we find that the evidence tended strongly to show that they were delivered to the family and used as a family expense, and we would not be justified in reversing the judgment for want of sufficient evidence to sustain it on that point.

The main point of contention is over the question as to whether the court erred in overruling appellant's demurrer to appellee's additional replication to the second plea.

In deciding this question we find the point of law raised for the first time in this State, so far as we know, whether the husband or the wife can, either, without the consent of the other, revive a debt barred by the statute of limitations, by signing and executing a note in his or her own name, for an account for family expenses. Otherwise it is an exception to the general rule of the law, long established in this State, that a joint debtor can not arrest the running of the statute of limitations as against his co-debtor without his consent, or revive an action barred by the statute, by making payment on the debt or by promising to pay it, or by giving a new note. In the case of Kallenbach, Jr., v. Dickenson, 100 Ill. 427, it was held by the Supreme Court that one joint debtor could not, by his own agreement, expressed or implied, extend the time of the running of the statute, or revive a note already barred, by his own agreement, without the consent of his co-debtor. This has been understood to be the law in this State ever since. In a well reasoned opinion in that case, the case of Whitcomb v. Whiting, Doug. 652, was considered, but rejected as authority in this State. The rule laid down in that case has never been departed from, but always held to be the law. In some States the rule has been held to be different—that a co-debtor has an implied agency to renew the statute of limitations and arrest its running by payments and agreements until the debt is paid.

This doctrine appears to be based upon the assumption that in case of joint liability each party has an implied authority to pay it, and even by reason of his position as joint debtor, by agreement to arrest the statute of limitations without the others consenting. This in the Kallenbach and Dickenson case, *supra*, was thought to be a very unjust and harsh rule and opposed to sound reason. As to their standing in regard to pecuniary matters in the State of Illinois, and their dealing with their separate property rights,

husband and wife have, as near as possible, been made by the statute as independent of each other as strangers, and the wife is given nearly all the rights of a *feme sole;* and the husband's rights were always independent. They may sue and be sued separately, and section 5, chapter 68, provides: "Neither husband nor wife shall be liable for the debts or liabilities of the other incurred before marriage, and (except as herein otherwise provided) they shall not be liable for the separate debts of each other, nor shall the wages, earning or property of either, nor the rent or income of such property be liable for the separate debts of the other."

By the 6th section, she has every right to contract and deal the same as if she were unmarried, except entering into and carrying on a partnership without the consent of her husband; she can convey her own real estate, and even have a remedy against her husband for invading her property rights. Very few exceptions are made to a wife's complete emancipation as to her property rights. There seems to be one exception. Section 15 of the same act provides: "The expenses of the family and the education of the children shall be charged upon the property of both husband and wife, in favor of the creditors therefor; in relation thereto they may be sued jointly or separately." By this section either the husband or wife may be rendered jointly liable for a debt contracted by either for family expenses without the consent of the other. The question arises now whether, after the debt is contracted and established, either can arrest the statute of limitations as to the other by giving their own note for the debt.

We are of the opinion that in the original contracting of the debt either party may buy on time and give his or her note for goods used and to be used for family expenses, and that would bind the other party, because the goods are obtained by means of the contract, and the statute gives either party the right to purchase the goods to be used in the family and bind the other if they are so used. This was decided in Hauk v. Smith's Sons, 46 Ill. App. 66; but the court in that case refused to pass on the question as to the right

to give a note in renewal and thereby extend the statute of limitations as to the other.

We are of the opinion that the question here involved is one more particularly concerning the statute of limitations than a construction of the act in relation to husband and wife—section 15 above quoted. We think that under the laws of this State, a debt like the one in question could not be revived after the running of the statute of limitations by either party, without the consent of the other. Such an authority would have to be implied as necessarily resulting from the language of the statute. We do not think it does so necessarily result, as it is not necessary for the protection of the creditor in furnishing supplies for the family. All that he is concerned in, is to know that the husband and wife and their property are both liable. If he fails to bring his suit within the statute of limitations, it is his own fault. After the debt is contracted, in our opinion the agency of either the husband or wife ceases to make any contract concerning the debt to bind the other. It is like any other joint liability of a joint debtor.

It is true that this statute was copied from the statute of Iowa, and that the Supreme Court of that State, previous to the adoption of the statute by the State of Illinois, held that the husband could renew or extend the debt barred by the statute of limitations and bind the wife by his separate contract, and extend it as to her without her consent. See Lawrence v. Sinamon, 24 Iowa 80; Smedley v. Phelps, 41 Iowa 588; Jones v. Glass, 48 Iowa 345; Frost v. Parker et al., 65 Iowa 178; Waggoner v. Turner, 69 Iowa 127.

We know not, and upon examination of the Iowa reports can not find, whether the rule adopted in Kallenbach v. Dickenson, *supra*, prohibiting one joint debtor from extending the statute of limitations as to the joint debtor against his co-debtor without his consent, prevails in Iowa. If it does not, and a contrary rule holds there, the opinion in those cases above cited would be in perfect harmony with the general doctrine of the statute of limitations. The construction of a statute by the courts of one State, adopted in

another, will generally be accepted in the State adopting it except where it is opposed to the spirit of the general laws of the latter State. Cole v. The People, 84 Ill. 216; Mc-Cutchen v. The People, 69 Ill. 601; Streator v. The People, Id. 595.

In the case at bar, we regard the question on the demurrer to be one of the statute of limitations, rather than a construction of the act in question, although it may arise out of it. The debt was created under the statute, and each party as to it was jointly liable. In that particular we can see no distinction between such joint liability and any other. The husband and wife, as appears from the statute quoted, are in no sense partners as to their property rights, nor are they jointly or severally liable for each other's debts or obligations, except in the one instance—for family supplies and education of the children—and such liabilities are in no sense those of a partnership. They are only such as are created by statute and that alone. The statute alone contemplates the establishment of a class of claims against the husband and wife severally and jointly, and the manner in which they may be sued, and has no reference to limitation. When the note is once created it must be paid by each and both the same as other joint liabilities. It is not doubted that the statute of limitations would run against such a debt. If so, the general spirit and policy of the laws of this State, long prevailing, are that one joint contractor or obligor may not extend or void the statute of limitations by contract, expressed or implied, as to the other, without his consent. There has been no exception to this obviously just rule so far established.

But for the Iowa decisions there could be but little question that the general rule under the statute of limitations would apply in this State. It is a question of limitation rather than a construction of liability under the statute in question. As the Iowa decisions appear to be contrary to the spirit of our laws, in regard to limitations long established, we do not think that the rule announced in them touching that question ought to be adopted here, or that any rule of law requires it. From what we have said it will

be seen that we hold that the court erred in overruling the demurrer to the additional replication to the second plea.

The judgment of the court below is therefore reversed and the cause remanded.