## Staver Carriage Company v. Edith Beaudry.

### Gen. No. 13,557.

1. HUSBAND AND WIFE—*section 8 of Husband and Wife Act; how construed.* This statute, being in derogation of the common law, must receive a reasonable construction and cannot be extended by implication to matters not fairly inferable from the words used.

2. HUSBAND AND WIFE—*what not family expense within meaning of section 8 of Husband and Wife Act.* A stanhope purchased by a husband primarily for use by him in the discharge of his professional duties as a doctor, notwithstanding the same may occasionally be the subject of use by members of his family, is not a family expense within the meaning of section 8 of the Husband and Wife Act.

3. STATUTE OF LIMITATIONS—*what does not toll.* In an action under section 8 of the Husband and Wife Act, the running of the Statute of Limitations is not tolled as against the wife by the fact that a judgment had been obtained against her husband.

Assumpsit. Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1907. Affirmed. Opinion filed December 23, 1907.

JOHN GIBSON HALE, for appellant.

THEO PROULX, for appellee; PHILIP R. FRASER, of counsel.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

From the stipulation of facts under which the cause was tried in the Circuit Court, without a jury, it appears that appellant sold to the husband of appellee, a practicing physician, in the year 1892, a vehicle known as a "stanhope" and a set of harness for $325, taking from Dr. Beaudry an old buggy as part payment to the extent of $50. For the balance due appellant took short term notes from Dr. Beaudry, all of which matured more than ten years before the institution of suit against appellee, no payments being made within that time; that the balance due on said notes was put in judgment against Dr. Beaudry in the court of E. T. Glennon, then a Cook county justice of the peace, September 9, 1895. Upon this judgment another judgment was secured before T. D. Hurley, another Cook county justice of the peace, April 16, 1903, for the amount thereof with accrued interest at the statutory rate. Under these facts it was agreed as matter of law, that the present action could not be maintained against appellee at the time of instituting the suit unless by force of the two judgments against Dr. Beaudry; that if a recovery can be had in this suit it shall be for $104, with five per cent. interest from July 7, 1893. It is also agreed that since commencement of this suit, May 22, 1903, Dr. Beaudry was adjudicated a bankrupt in the District Court of the United States for the Northern District of Illinois, and received from said court a discharge in bankruptcy from all provable debts, of which the claim of appellant against him was one.

From the evidence of one W. N. Beecher it appears that Dr. Beaudry used the stanhope in making professional calls, and that it was likewise at times used by all the family, including appellee.

The circuit judge on this proof entered a finding for appellee and gave judgment for costs against appellant. This appeal is prosecuted upon the theory

that the stanhope sold Dr. Beaudry was an expense of the family, to the payment of which, under section 15, chapter 68, R. S., the property of appellee, as the wife of Dr. Beaudry, may be subjected.

The Iowa statute on this subject was tendered as evidence on the contention that the Illinois statute. being virtually a re-enactment of the Iowa statute, the legislature intended that the rule of its construction by the Iowa courts should obtain in Illinois, and that thereby a duty was imposed upon our courts to follow the decisions of the Iowa courts on this subject.

Appellant argues two questions as controlling our decision:

First. Was the stanhope and harness sold to Dr. Beaudry a family expense? and

Second. Does the statute of limitations run in favor of the wife against the statutory liability so as to constitute a bar as to her while the liability is alive as to the husband?

The record affirmatively shows that the sale was made to the husband of appellee, who was a practitioner of medicine. It further appears that Dr. Beaudry used the stanhope in the prosecution of his professional calling. The fact that another style of vehicle might be considered better adapted to the use to which it was put, in no manner detracts from the fact that Dr. Beaudry did so use it in making professional calls. But it is said because members of the family were also seen riding in the stanhope, that therefore it was furnished for the family and constituted a family expense. The families of tradesmen and expressmen are at times seen riding in the vehicle used by the legal head of the family in their daily business, yet can it be said that the cost of the equipage, with its motive power and accessories, is a family expense for which the wife, under the statute, may have her property subjected in payment? We think not. To so do would be extending the statute by construction in a manner we hardly

think we have the right to assume was intended by the law-making power. If such a construction can be indulged, then the liability of the wife would be extended to include innumerable matters about which she has no voice, and entirely beyond her control. The statute, being in derogation of the common law, must receive a reasonable construction and cannot be extended by implication to matters not fairly inferable from the words used. We are satisfied that the stanhope sold to Dr. Beaudry was primarily intended for use by him in the discharge of his professional duties, and that in the main it was used for that purpose. Appellant evidently did not regard the stanhope as an expense of the family, if we may judge from its actions. It sold the stanhope to Dr. Beaudry, in the first instance; took its pay in an old buggy, some money and notes from him; sued him in justice court twice, once upon the unpaid notes and again upon the justice judgment, to keep the debt alive as to him. Not until May 22, 1903, nearly eleven years after the sale to Dr. Beaudry, did appellant assert its claim that appellee was liable for the debt. In the light of these actions of appellant and the unexplained, prolonged delay in asserting a claim of liability against appellee, we are compelled to the conclusion that it did not, during this time, regard the sale of the stanhope to Dr. Beaudry to be for the use of the family and consequently a family expense. The purpose of the statute would seem to have been to make the wife jointly liable with her husband for those family expenses over which she had at least some control; not to extend her liability to the business or professional expenses of her husband. The language of the statute is that "the expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or of either of them, and in relation thereto they may be sued jointly or severally." Revised Statutes, sec. 15, chap. 68.

The Illinois cases go no farther than to apply the

Staver Carriage Co. v. Beaudry.

statute as extending to articles used in the family household, regardless of which member of the family appropriated to his or her exclusive use the particular article constituting a family expense. Thus the wife may be held liable for her husband's personal wardrobe and for family pictures, musical instruments, or other adornments of the household. Hyman v. Harding, 162 Ill. 357. As said in Von Platen v. Krueger, 11 Ill. App. 627: "The only criterion which the statute furnishes is, was the expenditure a family expenditure, was it incurred for, on account of, or to be used by the family?" Apply this criterion of construction to the case at bar, and it follows, from what we have heretofore said, that the stanhope was not bought for the family, but for the use of Dr. Beaudry in his calling as a physician, and is therefore not a family expense chargeable against appellee jointly with her husband.

In Dodd v. St. John, 22 Ore. 250, the complaint charges that the buggy sued for was sold to St. John for the use of himself and his wife and their minor children; which is wholly contrary to the proof in this record as we construe it. The Oregon case reviews the decisions in that state and in the State of Iowa as to the kind of property supplied which comes within the purview of family expenses, and they on examination prove to be substantially in accord with the Illinois cases. In the case at bar the stanhope was used, at least primarily, in the calling of Dr. Beaudry, and only incidentally by other members of his family. It was not a family but a professional expense of Dr. Beaudry.

While our view of the case as above expressed makes it unnecessary to decide the other question argued, yet, having examined the same, we will briefly pass upon it.

If the voluntary act of Dr. Beaudry in giving notes for deferred payment had the effect of arresting the running of the Statute of Limitations against appellee until the notes had matured, it still follows that from such maturity the statute again commenced to run as

against the liability of appellee. The statute as against appellee could not be arrested by the commencement and prosecution to judgment of a suit against Dr. Beaudry.

In Polly v. Walker, 60 Iowa 86, this precise question arose, and was decided contrary to appellant's contention. There judgment was obtained against the husband without joining the wife. After the limitation statute had barred the claim against her, it was sought to charge her upon the theory that the judgment against the husband arrested the running of the statute against her, but the court held it did not, saying: "When the judgment was rendered against the husband for this debt, although it operated to extend the time within which the claim could be collected of him, it was not a contract binding upon the wife, nor in any manner connecting her with it."

This ruling was followed by the Iowa court in Clark v. Staber, 98 N. W. Rep. 560, and a judgment against the wife refused, she being joined with her husband, against whom a recovery had been obtained in a former suit. Judgment was so denied upon the sole ground that a judgment against the husband did not continue the claim in force against the wife or arrest the running of the Statute of Limitations against her.

Lewis v. Lynch, 61 Ill. App. 476, is an authority to the effect that either party jointly liable under the statute in question may, by a voluntary act, such as the giving of a note, suspend the operation of the Statute of Limitations against the other, but that no payment of part of the debt by one after the running of the Statute of Limitations would have the effect of reviving the debt as to the other. The rule laid down in Kallenback v. Dickinson, 100 Ill. 427, that one joint debtor could not, by his own agreement, express or implied, extend the time of the running of the Statute of Limitations, or revive a liability already barred by the statute, without the consent of his co-debtor, has never been departed from. The decisions in Iowa not in

harmony with this rule were held to be so contrary to the spirit of our laws that they ought not to be adopted. The judgment of the Circuit Court is without error and it is affirmed.

*Affirmed.*