## J. M. Sloss, Appellant, v. Fred J. Lobell, Appellee.

## Gen. No. 24,949.

1. LIMITATION OF ACTIONS, § 91*—*when payment by wife does not toll statute.* A payment by a wife on an account owing by the husband does not stop the running of the statute of limitations.

2. LIMITATION OF ACTIONS, § 79*—*what is effect of demands for payment.* The fact that a creditor mails statements of his account to the debtor with his address on them so that they will be returned to him if not delivered to the debtor does not affect the running of the statute of limitations.

Appeal from the Municipal Court of Chicago; the Hon. HUGH R. STEWART, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1919. Affirmed. Opinion filed April 21, 1920.

ISADORE S. BLUMENTHAL, for appellant.

No appearance for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

On June 14, 1918, the plaintiff brought suit against the defendant for $161.89 for groceries and meats sold and delivered to the defendant, and upon an account stated between the above parties as of to-wit: "January 1st, 1918, amounting to $161.89." Summons was duly issued against the defendant and on the 17th day of June, 1918, returned "Not found." On July 29, 1918, plaintiff filed an affidavit for attachment in aid and on July 29, filed an attachment bond in the sum of $350.00. On the same day a writ of attachment in aid was issued against the Kenwood Trust & Savings Bank and the State Bank of Chicago, both of whom were subsequently served. The answer of the State Bank of Chicago was to the effect that at

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the time of service it had $491.43 credited to the defendant's account. The Kenwood Trust & Savings Bank answered that at the time of the service of the writ it had in its possession due the defendant $161.89. On August 23, 1918, the defendant entered his appearance and on September 9, 1918, filed an affidavit of merits "that said amount is more than five years old and is therefore barred by the statute of limitations."

The evidence of the plaintiff is to the effect that H. Regensburg & Company assigned the account to him for a valuable consideration; that he went to the residence and also to the office of the defendant and was unable to find him; that he was told the defendant had a residence at White Lake, Michigan; that he wrote him a great many letters requesting payment; that he also mailed him statements of the account; that he sent him by mail return envelopes with proper postage thereon and inclosed a duplicate statement of the account; that although the return address of the plaintiff was on the outside of the envelope none of the original letters was returned to him.

The evidence of the witness Blumenthal is to the effect that he wrote several letters to the defendant to his Chicago address. Further, the plaintiff testified that "In April or May of 1915, I received twenty-five dollars ($25.00) from Mrs. Lobell when I called at her home"; that that amount was credited on the statement of Mr. Lobell; that the balance due after allowing the last credit was $161.89.

The trial judge, being of the opinion that a payment by Mrs. Lobell did not revive the account, entered judgment for the defendant.

The only substantial question in the case is whether the debt was barred by the statute of limitations. Of course, the efforts on the part of the plaintiff in sending statements of the account with his address on them so they would be returned to him if not delivered

to the defendant is of no legal importance and in no way tolls the statute.

Did the payment of $25 on account by Mrs. Lobell in April or May, 1915, stop the running of the statute? The suit is only against the husband and the only claim is that he is the debtor. Certainly, it would be anomalous if this act of a third person, even though his wife, and done without his knowledge or sanction, could in any way affect the running of the statute of limitations.

It seems to be the settled law in this State that a payment of part of a debt by a joint debtor, after the running of the statute of limitations, will not revive the debt as to the other. *Kallenbach v. Dickinson,* 100 Ill. 427. In this State husband and wife have been made as near as possible independent of each other as regards all property rights. Section 5, ch. 68, Hurd's Statutes (J. & A. ¶ 6142). In *Lewis v. Lynch,* 61 Ill. App. 476, which was a suit against a wife for goods bought and which by virtue of the statute were a family expense, the court said: "We think that under the laws of this State a debt like the one in question could not be revived after the running of the statute of limitations by either party, without the consent of the other. * * * After the debt is contracted, in our opinion the agency of either the husband or wife ceases to make any contract concerning the debt to bind the other. It is like any other joint liability of a joint debtor." *Kallenbach v. Dickinson,* 100 Ill. 427; *Staver Carriage Co. v. Beaudry,* 138 Ill. App. 147.

Finding no error in the record the judgment is affirmed.

*Affirmed.*

MR. PRESIDING JUSTICE THOMSON and MR. JUSTICE O'CONNOR concur.