CENTRAL NEBRASKA NATL. BANK v. HENRIETTA E.
WILDER.

[FILED JULY 1, 1891.]

Stock: PLEDGEE ENTITLED TO DIVIDENDS. One W. loaned a
stockholder in a national bank the sum of $1,000, for which
such stockholder gave his note due in one year with interest,
and to secure the payment of said note, assigned a certificate for
ten shares of stock in such bank. At the expiration of the year
new stock was issued, and ten shares were transferred as secur-
ity for said debt, the certificate of stock containing a power of
attorney to the cashier of the bank to transfer said stock on the
books of the bank, etc. Most of the officers of the bank had

notice of the assignment to W. of the stock as security.  The principal of the note was afterwards paid, but the interest being unpaid, an action was brought to recover a dividend declared while W. was the assignee of the stock.  The principal defense of the bank was that all transfers must be made on the books of the bank.  *Held*, That as the officers of the bank had notice that W. was holding the stock as security, and made no objection, that they must pay the dividend to the party entitled to it —the person then holding the stock, and that the rules of the bank to the contrary constituted no defense.

ERROR to the district court for Butler county.  Tried below before SMITH, J.

*W. A. Hampton*, and *W. E. Bauer*, for plaintiff in error, cited : *Dow v. Gould, etc., Min. Co.*, 31 Cal., 629 ; 2 Wait's Actions & Def., sec. 6 ;  Morse on Banks & Banking, sec. 43 ; *Marlborough Mfg. Co. v. Smith*, 2 Conn., 579 ; *Oxford v. Bunnel*, 6 Id., 552 ; Colebrooke, Coll., sec. 280.

*Steele Bros., contra*, cited : *Farrington v. Tennessee*, 95 U. S., 679 ;  *Bradley v. Bauder*, 36 O. St., 35 ;  *Watson v. Spratley*, 10 Exch. [Eng.], 236 ;  *Conant v. Bank*, 1 O. St., 309 ;  19 Am. L. Rev., 579.

MAXWELL, J.

This is an action brought by the defendant in error against the plaintiff in error, to recover a dividend declared on ten shares of the stock of the bank.

On the trial of the cause in the court below, judgment was rendered in favor of the defendant in error.

The principal error relied upon in this court is that the evidence is insufficient to sustain the judgment.

It appears from the record that in January, 1888, one M. Gould was the cashier of the bank in question, and borrowed from the defendant in error the sum of $1,000, for which he gave his note payable in one year, with interest at eight per cent, and to secure said note assigned to

the defendant in error a certificate for ten shares of stock of the bank in question. In January, 1889, the capital stock of the bank was increased to $100,000, and a new certificate of stock was issued to M. Gould for ten shares of stock for $100 each, which certificate contained on the back thereof the following assignment:

"For value received, —— hereby sell, assign, and transfer unto H. B. Scott —— shares of the capital stock represented by the within certificate, and do hereby irrevocably constitute and appoint M. J. Jones or Geo. R. Colton attorney to transfer the said stock on the books of the bank, with full power of substitution in the premises.

"(Signed) M. GOULD.

"Dated this —— day of ——, 18—.

"In presence of

"(Signed) GEORGE R. COLTON."

Colton at this time was cashier of the bank, and most or all of the officers thereof knew that this stock was pledged to the defendant in error. Afterwards the stock was sold and the principal of the note paid, but the interest thereon remaining unpaid, this action was brought to recover a dividend which had been declared but a short time before the payment of the principal.

The principal defense of the bank is a by-law of the corporation, by which all transfers of stock are to be made on the books of the bank; and it is claimed that as the stock in question stood on such books in the name of M. Gould, that a payment to him of the dividend in question exonerated the bank from paying to the defendant in error.

A bank or other corporation, like a natural person, must act in good faith with those with whom it deals. It cannot shut its eyes to the clear light of day and declare that darkness prevails; and no more can it ignore facts as to the rights of persons dealing with it, and claim exemption on the ground of any technical rule which will work injustice. In other words, if stock of a bank has been as-

signed to a party, who is holding the same as security and is entitled to the dividends on such stock, the bank must pay the dividend to the party entitled to it—the actual holder of the stock, if it has notice.  Otherwise great injustice might be done by depriving the holder of the security of a portion of the amount due thereon.

It is evident that the defense set up by the bank is not sufficient to exonerate it from liability, and that the judgment is right.  It is therefore

AFFIRMED.

THE other judges concur.