Decided 2 January, 1906.

**STEEL *v*. ISLAND MILLING CO.**

83 Pac. 783.

</div>

CORPORATION STOCK — DIVIDENDS — TO WHOM PAYABLE.*

1. A corporation paying a dividend on stock to a person appearing on its books as owner, after it has received notice that the stock has been transferred to a third person, is liable to the third person for the amount of the dividend, though at the time the dividend was declared it had no such notice, and though the amount thereof was at once passed to the credit of the stockholder on its books.

WHAT CONSTITUTES A PAYMENT OF AN OBLIGATION.

2. A payment of a pecuniary obligation is made only by the delivery and acceptance of money or what the creditor agrees shall be its equivalent.

DEBTOR AND CREDITOR — PAYMENT AFTER WARNING — CORPORATIONS.

3. A corporation holding an unpaid dividend has the same relation to its stockholders, or whoever else may own the dividend claim, that any debtor has to a creditor, and must recognize the true owner of the dividend, if he is known, though a payment to the apparent owner without notice of a transfer of the claim will protect the company.

From Union: ROBERT EAKIN, Judge.

---

*NOTE.— On the question of the Right to Dividends on Stock Transferred, see notes in 90 Am. St. Rep. 721, and 45 L. R. A. 392-397.— REPORTER.

Action by Cora Steel against the Island City Mercantile & Milling Co., resulting in a judgment for plaintiff, from which defendant appeals.      AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Charles H Finn.*

For respondent there was a brief and an oral argument by *Mr. James Davis Slater.*

Mr. CHIEF JUSTICE BEAN delivered the opinion.

This is a suit by a stockholder against a corporation for an accounting for dividends declared on its capital stock. On January 15, 1890, the defendant issued and delivered to R. M. Steel 100 shares of its capital stock; the certificate thereof providing that the shares "are only transferable upon the books of the company, subject to the provisions of the by-laws, by indorsement hereon and surrender of this certificate." On March 16, 1896, Steel sold and transferred the stock and certificate to the R. M. Steel Co., and on the next day the R. M. Steel Co. transferred the same as a pledge or collateral security to George A. Steel. The debt for which the stock was held by George A. Steel as security was not paid, and on May 28, 1901, the stock was sold in pursuance of law in foreclosure of such pledge to the plaintiff, Cora Steel. None of the transfers referred to were made on the books of the company, nor was the corporation advised thereof until June 14, 1901, when the original certificate, together with the several transfers attached thereto, was delivered by the plaintiff to the company and a new certificate issued to her in lieu thereof. The proceeds of the sale of the stock on the foreclosure were not sufficient to satisfy the debt for which it was held as security by George A. Steel, and some time after the sale, and prior to January 30, 1903, Steel assigned and transferred his interest in all dividends declared by the company after March 17, 1896, to the plaintiff, and in February

of that year she notified the defendant of such transfer and demanded the payment by it of all dividends declared after the date of the assignment by the R. M. Steel Co. to George A. Steel, but it refused to make such payments, and hence this suit.

The plaintiff alleges that a dividend of $25 a share was declared by the corporation on January 27, 1900, payable, one half on June 1, and the remainder on September 1, following, and that she had reason to believe and did believe that since that date other and different dividends had been declared, but that the officers of the corporation refused to give her any information thereof, and that no payments of any such dividends had been made to her, although lawfully demanded. Upon the coming in of the answer and proofs, it was shown and is admitted that a dividend of $25 a share was declared in January, 1900, but that no dividends had been declared since that time. The defense is that the dividend declared in January, 1900, was paid by the company to the administrator of the estate of R. M. Steel, in whose name the stock stood on its book, without notice or knowledge of the several transfers, or of any of them, and before any demand was made therefor by the plaintiff or any one else. The evidence shows that at or about the time the dividend was declared the amount thereof was passed to the credit of R. M. Steel's estate on the books of the company, but the money was not actually paid to the administrator of the estate until June 6, 1903, after the corporation had been notified of the purchase of the stock by the plaintiff and the assignment to her of George A. Steel's right to the dividends, and a demand for the payment thereof had been made.

1. At the time the dividend was declared George A. Steel was the holder of the stock as pledgee and had a right to receive it, notwithstanding the certificate on its face stated that the shares were only transferable on the books

of the company, and no such transfer had been made, and unless the defendant has paid the amount of such dividend to the representative of the person who appeared on its books to be the owner thereof, without notice of the transfer, his assignee, the plaintiff, is entitled to recover the same: 22 Am. & Eng. Enc. Law (2 ed.), 907. "Where, for the protection of the corporation, it is expressly provided in its certificates of stock," say Messrs. Clark and Marshall, "that the shares are not transferable, except on the books of the corporation, the corporation is not bound to look beyond its books, assuming that they have been kept properly, to determine who is entitled to dividends, but it may safely pay them to those persons who appear on the books to be shareholders, and it will be protected in such payment, notwithstanding transfers made before the dividend was declared, but which had not been entered upon its books, and of which it had no notice. It is otherwise, however, if it has notice of the transfer. In such a case, if it pays the dividend to the person appearing on its books as owner, it remains liable to the transferee, whether the transfer was absolute or merely as collateral, notwithstanding his omission to have the transfer registered": 2 Clark & M. Priv. Corp. p. 1612. And, again, it is said by the same authors (page 1611): "In the absence of agreement to the contrary, a pledge of shares of stock as collateral security carries with it, as an incident of the pledgee's special ownership, the right to receive dividends afterwards declared, to be applied on the debt, or held in trust for the pledgor; and, if the transfer has been registered on the books of the corporation, or, although not so registered, if the corporation has notice thereof, it will be liable to the pledgee if it pays such dividends to the pledgor." To the same effect see *Central Nat. Bank* v. *Wilder,* 32 Neb. 454 (49 N. W. 369); *Farmers' & M. Nat. Bank* v. *Mosher,* 63 Neb. 130 (88 N. W. 552); *Clark* v.

*Campbell*, 23 Utah, 569 (65 Pac. 496, 54 L. R. A. 508, 90 Am. St. Rep. 716).   *Central Nat. Bank* v. *Wilder*, 32 Neb. 454 (49 N. W. 369), was much like the case at bar.   The stock pledged had been sold by the pledgee and the proceeds applied on the debt, leaving a balance unpaid.   The pledgee thereafter brought an action to recover of the corporation a dividend declared before the sale, and while the stock was held by him in pledge, and it was decided that he was entitled to recover.   Unless, therefore, the defendant corporation paid the dividend to the administrator of the estate of R. M. Steel before receiving notice of the assignment and transfer to the plaintiff, she is entitled to recover.   Now, the evidence shows that the dividend was not paid, in fact, at the time it was declared, or until long after the corporation had received notice of the plaintiff's ownership and right thereto.

2. The passing of the amount thereof to the credit of the stockholder on the books of the company was a mere matter of bookkeeping, and in no sense amounted to a payment.   The payment of a pecuniary obligation is made by the delivery of money or something which is accepted by the creditor as equivalent thereto:   22 Am. & Eng. Enc. Law (2 ed.), 517; *Tolman* v. *Manufacturers Ins. Co.*, 1 Cush. 73; *Beale* v. *Home Ins. Co.*, 36 N. Y. 522.

3. When the dividend was declared, the defendant became indebted to each stockholder for his share, and each was in the same position as any other creditor of the corporation and had a right to enforce or assign his demand in like manner.   If the corporation, without notice of the transfer or assignment of the dividend, had paid the same to the apparent holder of the stock, it would be discharged, but after such notice it was bound to pay the true owner.

The judgment of the court below will therefore be affirmed.                                                    AFFIRMED.