Argued March 12, decided March 18, 1913.

## SHARP v. KILBORN.*

(130 Pac. 735.)

**Deeds—Delivery—What Constitutes.**

1. Where a grantor delivered a deed to a third person, with instructions not to deliver it to the grantee unless the purchase price was paid, a delivery contrary to such directions passed no title, whether the third person was an agent of the grantor or whether the deed was an escrow.

**Principal and Agent—Evidence of Authority—Questions of Law or Fact.**

2. Where the only evidence of agency was a letter from the principal to the agent, which was established, the scope of the agency was a question of law for the court.

**Deeds—Delivery—What Constitutes.**

3. A grantor mailed a deed to a bank, with a direction that it should not be delivered to the grantee until the purchase price was paid the bank for the grantor's use. The bank delivered the deed to the grantee in exchange for a check drawn on itself and payable to its own order. The check was not charged to the grantee's account, and neither sent to the grantor nor credited to him. A few days later the bank failed. Held, that there was no delivery of the deed; the grantee having made the bank its own agent to pay the money to the grantor, and no such payment having been made.

---

*The question of the delivery of a deed to third person to be delivered to grantee after grantor's death upon performance of condition by grantee, is the subject of a note in 9 L. R. A. (N. S.) 317.                REPORTER.

From Multnomah: JOHN P. KAVANAUGH, Judge.

Statement by MR. JUSTICE BURNETT.

This is a suit by W. L. Sharp against Warren Kilborn to cancel a deed alleged to have been delivered by a third party out of escrow, contrary to the conditions of the deposit, to wit, without payment of the purchase price of the realty described in the conveyance.

The answer admits the lodgment of the deed with the third party, to be delivered on the proviso named, but alleges affirmatively that the defendant paid to the depositary the purchase price of the property, as required by the conditions of the escrow, and so received the deed as regularly delivered. The payment pleaded in the answer is denied by the reply.

At the hearing, when the plaintiff had introduced testimony and rested, the defendant moved the court for an order dismissing the suit because the complaint does not state facts sufficient to constitute a cause of suit, and further that the plaintiff had failed to produce sufficient testimony to sustain a judgment or decree against the defendant. The court allowed this motion, and dismissed the suit at the cost of the plaintiff, who appeals.

REVERSED.

For appellant there was a brief over the names of *Messrs. McFadden & Clarke* and *Mr. George W. Denman,* with an oral argument by *Mr. Arthur Clarke.*

For respondent there was a brief and an oral argument by *Mr. Walter S. Hufford.*

MR. JUSTICE BURNETT delivered the opinion of the court.

Only a question of law is involved in this suit, for the defendant by his motion admits the truth of the testimony, but says that it is not sufficient to sustain any decree against the defendant. The record discloses that about February 20, 1911, the plaintiff, a resident of

Klamath Falls, was the owner of the real property in question, which is situated in Multnomah County. Some real estate agency in Portland, Oregon, had procured a purchaser for the premises, and so notified the plaintiff, who on the date last above mentioned addressed a letter to the Mt. Scott Bank at Lents, Oregon, as follows:

"Gentlemen: Inclosed herewith I hand you warranty deed of myself and wife to Warren Kilborn, also a certain deed from O. R. Addition and wife to me for the same property described in the deed first mentioned. I send you the deeds mentioned pursuant to instructions received by me from Bright Realty Co., Portland, Oregon, the agent who negotiated this sale. You will observe that the consideration stated in the deed made by myself and wife is ten dollars. That however is not the true consideration herein. The true consideration is $625 which sum must be paid to you before the deed is delivered and you are hereby instructed not to deliver the deed I send you herewith or either of them until the consideration amounting to $625 is paid you for my use. When you receive that sum then deliver the deeds I send you. The Bright Realty Co. of Portland, Oregon, who negotiated this sale, is to receive a commission of five per cent out of the consideration of $625. You may pay such commission out of the consideration and send the balance of $625 to the First Trust and Savings Bank of Klamath Falls, Oregon, to be placed by such bank to my credit. Kindly attend to this matter according to instructions given you as soon as possible, and oblige

"Yours truly,

"W. L. Sharp."

Prior to February 27, 1911, the defendant had deposited in the Mt. Scott Bank money in excess of $625, which had not been repaid to him. Having received notice of the arrival of the deed, he went on that date to the bank and gave to the officer in charge of the institution his check in words and figures as follows:

Lents, Oregon, Feb. 27, 1911.   No. ——

MOUNT SCOTT BANK

Pay to the order of Mount Scott Bank - - - - - - $593.75
Five hundred ninety three 75/100 - - - - - - - - Dollars

Warren Kilborn.

The amount of the check, it will be noticed, was $625, less 5 per cent presumably deducted for the real estate agent's fee. The bank took the check, and delivered the deed to the defendant, who placed it on record. The check was never charged to Kilborn's account, nor sent to the plaintiff, and no money whatever was paid by any one to plaintiff on account thereof or of the purchase price. Neither was he given credit by the bank in the transaction. The check remained in the bank until it closed its doors and failed on March 3, 1911.

1, 2. It is needless to deal in refinements about whether the deed was an escrow, or whether the bank was merely the agent of the grantor named therein. In the first place the delivery of the deed in violation of the terms of the escrow passed no title, and in the other case if the agent delivered the deed contrary to his instruction it would still pass no title. The only evidence of the agency of the bank as the representative of the plaintiff is found in the letter quoted above, and, this being established, the scope of the agency is a question of law for the court. *Baker* v. *Seaweard,* 63 Or. 350 (127 Pac. 961).

3. In determining the legal effect of this letter, we must hold that the bank could not rightfully deliver the deed so as to bind the plaintiff unless it had first received the money called for by the instructions of the letter. At his own peril, the defendant dealt with the bank as the agent of the plaintiff. *Reid* v. *Alaska Packing Co.,* 47 Or. 215 (83 Pac. 139) ; *Rumble* v. *Cummings,* 52 Or. 203 (95 Pac. 1111) ; *Baker* v. *Seaweard,* 63 Or. 350 (127 Pac. 961). Under the circumstances, giving to the bank a check drawn to its own order was not payment to the plaintiff, and the bank had no authority to receive that instrument for that purpose as binding on the plaintiff. The bank was indebted to the defendant in a sum of money larger than that required as a consideration for the deed. The legal effect of the giving to the bank the

check mentioned was a direction by the defendant to his own debtor to pay the debt of the defendant to the grantor named in the deed. It was at best an abortive novation inaugurated by the defendant, in which was wanting one requisite essential to bind the plaintiff, namely, the consent of the plaintiff himself. He was not named as the payee of the check, and, being a stranger to that instrument in every respect, it would not affect him in any manner. In substance, the defendant made the bank his own agent to pay the money to the plaintiff, and must be bound by the failure of the agent thus appointed. So far as payment is concerned, therefore, the defendant stands in the same situation as if the plaintiff had personally demanded of him the payment of the money and he had refused it. The following authorities are instructive on the question of payment by check: *Black* v. *Sippy,* 15 Or. 574 (16 Pac. 418) ; *Johnston* v. *Barrills,* 27 Or. 251 (41 Pac. 656: 50 Am. St. Rep. 717) ; *Stringham* v. *Mutual Ins. Co.,* 44 Or. 447, 459 (75 Pac. 822) ; *Steel* v. *Island Mill Co.,* 47 Or. 293, 297 (83 Pac. 783) ; *Kiernan* v. *Kratz,* 42 Or. 474, 484 (69 Pac. 1027: 70 Pac. 506). That the delivery of a deed, contrary to the conditions annexed by the grantor when placing it in the custody of a third party, conveys no title the following authorities are applicable: *Tyler* v. *Cate,* 29 Or. 515 (45 Pac. 800) ; *Gaston* v. *City of Portland,* 16 Or. 255 (19 Pac. 127) ; *Bradford* v. *Durham,* 54 Or. 1 (101 Pac. 897: 135 Am. St. Rep. 807) ; *De Bow* v. *Wollenberg,* 52 Or. 404, 423 (96 Pac. 536: 97 Pac. 717) ; *Hilgar* v. *Miller,* 42 Or. 552 (72 Pac. 319). The act of giving up the deed without actual payment of the money, under the circumstances disclosed by the testimony, was not a delivery, and passed no title to the realty.

The decree of the circuit court is reversed, and one entered here in accordance with the prayer of the complaint.                   REVERSED : DECREE RENDERED.