ROOT, Respondent, v. MARTIN, Appellant.

(172 N. W. 502).

(File No. 4492.    Opinion filed May 13, 1919.)

1.  Conveyancing—Deed, Grantee Unnamed, Deposit of for Delivery
    On Purchase Money Payment—Inserting Name, Recording,
    By Bank Cashier, Whether Valid Delivery—Escrow, Agency,
    Effect.

    Where owner of land delivered to a bank a deed to realty,
    the name of grantee being absent therefrom, with instructions
    to the bank cashier to deliver the deed to a purchaser only
    upon payment to the bank for grantor of the purchase price,
    and the cashier, disregarding the instructions, inserted the
    name of the grantee therein and recorded the deed; held, there
    was no valid delivery of the deed; and this whether the deed
    was in bank as an escrow, or whether the bank or its cashier

2—Vol. 42, S. D.

was the agent of grantor; since, if an escrow, such delivery passed no title, and if an agency existed, an agent delivered deed contrary to instructions, still no title passed.

2. **Agency—Deposit of Deed With Bank Cashier, Wrongful Delivery by to Agent's Father—Double Dealing—Effect.**

Where a deed was delivered by owner to a bank, of which M. was its cashier, the grantee's name to be inserted and deed delivered only upon payment of purchase money, and M. contrary to instructions, inserted therein the name of his father as grantee, the latter being unknown as such to grantor; it appearing that M. was the active agent of his father in the transaction and used his efforts to get for him the lowest possible price for the land, **held**, that through such double dealing, M. betrayed the grantor who had trusted him and his bank as depositary and agent, for the sake of financial advantage for his father.

Appeal from Circuit Court, Brule County. Hon. Frank B. Smith, Judge.

Action by C. L. Root, against William Martin, for cancellation of a deed to realty and the record thereof. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Wagner & Danforth,* for Appellant.

*Brown & Brown,* for Respondent.

(1) To point one of the opinion, Appellant cited:

16 Cyc. 579, and cases cited:

Thornhill v. Olson, (N. D.) 153 N. W. 442; L. R. A. N. S. 1916 A, 493 and cases in note; Sharp v. Kilborn, (Or.), 130 Pac. 735; Lund v. Thackery, 18 S. D. 113, 99 N. W. 856; Hulsether v. Peters, (S. D.), 167 N. W. 497.

WHITING, J. Plaintiff executed a deed to a tract of land. This deed did not have the name of any grantee inserted therein. An agent of plaintiff afterwards wrote in the name of defendant as grantee and placed the deed of record. This action was brought to have such deed and the record thereof held for naught and canceled upon the ground that such agent had no authority to write the name of defendant into such deed as grantee and no authority to deliver such deed. Findings, conclusions, and judgment were for plaintiff. From the judgment and an order denying a new trial this appeal was taken.

The appellant is correct in saying that "there is no room for dispute about the facts." The material facts are all disclosed by

the contents of letters and telegrams. One M., writing in the name of a bank of which he was cashier, wrote to plaintiff asking him to place a price on some land he owned. This led to correspondence wherein plaintiff agreed to take a certain price net to him for said land. Being advised that M. had a purchaser who would take the land at that price, plaintiff forwarded the deed with positive instructions as to the delivery thereof which should only occur upon the payment to the bank for plaintiff of the amount named. M. thereafter wrote plaintiff that there was a fence on the land which plaintiff's tenant claimed, and M. asked advice in relation thereto. Further correspondence took place in which M. was fully advised that the sale must be consummated, if at all, by the payment, net to plaintiff, of the amount he had agred to sell the land for.

Disregarding his instructions, M. then wrote in defendant's name in the deed in question and placed same of record without advising plaintiff of such action. Both defendant and M. at all times refused to pay plaintiff the full amount coming to plaintiff under his instructions. Plaintiff, learning that the deed had been filled up and put of record, brought this action.

[1] That the trial court did not err in holding that there never was a valid delivery of the deed is too clear to need argument; and this is true whether we consider that this deed was in the bank as a escrow or whether we consider the bank or M. the agent for plaintiff. The following from Sharp v. Kilborn, 64 Or. 371, 130 Pac. 735, is applicable to the facts of this case:

"It is needless to deal in refinements about whether the deed was an escrow, or whether the bank was merely the agent of the grantor named therein. In the first place the delivery of the deed in violation of the terms of the escrow passed no title, and in the other case, if the agent delivered the deed contrary to his instruction, it would still pass no title."

[2] An examination of the record explains—but does not excuse—M. Without the knowledge of plaintiff, M. was the active agent for the defendant in this whole transaction; defendant is M.'s father, though the fact that the prospective purchaser was M.'s father was never revealed to plaintiff; and M. used his efforts to get for his father the lowest possible price on the sale. Respondent in his brief well says of M.'s double-dealing:

"In essaying this dual role, he did just what he ought not to have done, he betrayed the plaintiff, who had trusted him, and his bank as depositary, for the sake of reaching for a financial advantage for his father"

—though the bank was more than a mere depositary, the bank acting through M., or else M. was plaintiff's agent, a fact admitted by defendant in his answer.

In view of the above, it becomes unnecessary for us to consider whether M. had any authority to insert defendant's name as grantee in the deed.

The judgment and order appealed from are affirmed.