KARLEN, Appellant, v. TREBBLE, Sheriff, Respondent.

(189 N. W. 519.)

(File No. 5006.　Opinion filed August 5, 1922.　Rehearing denied August 31, 1922.)

1. **Appeals—Wrongful Attachment, Exemplary, Punitive Damages, Non-evidence to Support, Assignments of Error Ignored.**

   On appeal from a judgment in a suit against the sheriff for damages including exemplary and punitive damages for wrongful attachment, assignments of error based upon a claim for such damages will not be considered where there was no evidence whatever to support the claim.

2. **Fraudulent Conveyances — Vendor's Previous Indebtedness to Third Party, His Direct Evidence Re Transfer of Property and Vendee's Ownership, Cross-examination Re Said Indebtedness, Competency Where Vendor's Ownership Denied—Judicial Discretion Exceded.**

   Where, in a suit against a sheriff for damages for unlawful attachment of plaintiff's property levied under a judgment against her vendor, and the latter had testified in chief to the transfer of a car to plaintiff and to her ownership, and was permitted on cross-examination to testify that he was not at time he sold it indebted to a specified third party; **held,** that the latter's testimony was not proper cross-examination although under the answer containing a general denial of plaintiff's ownership, and relying upon the attachment, it directly refuted plaintiff's evidence of ownership and was admissible under the general denial; that trial court exceeded discretion, however, in admitting said testimony to establish an affirmative defense not opened up on direct examination.

3. **Evidence—Damages for Wrongful Attachment of Daughter's Property Under Judgment Against Father—Parents' Claim of Property, Competency of Witness Concerning.**

   In a suit against the sheriff for damages for wrongful attachment of plaintiff's property under a judgment against her father, testimony of a third person as to whether while plaintiff claimed ownership witness had heard her parents or any other person claim the car in question, was properly excluded as incompetent as not binding on plaintiff.

4. **Evidence—Wrongful Attachment—Warrant as Proof of Attachment, Competency—"No Foundation," as Invalid Objection.**

   A warrant of attachment was relevant and material evidence of the attachment itself, in a suit for damages for wrongful attachment of plaintiff's property; whether it was competent

depended on whether the attachment regularly issued and was properly returned with inventory within statutory period. **Held,** further, that objection thereto of no proper foundation laid was too vague and indefinite.

5. **Evidence—Wrongful Attachment of Vendee's Property—Testimony Re Vendor's Statements Re Ownership, Incomptency of.**

Testimony, in a suit for damages for wrongful attachment of plaintiff's property alleged to have been sold to her by her father, defendant in the attachment, concerning statements made by the latter in plaintiff's absence concerning the ownership, was incompetent to bind plaintiff.

6. **Trial—Fraudulent Conveyances—Notorious Change of Possession, Instruction that Acts Must "Notify Public Generally" of Change of Ownership as Misleading.**

.A charge, in a suit for damages for unlawful attachment, involving validity of a sale of a car, concerning the notoriety of change of possession required under Sec. 2042, Code 1919, to the effect that acts are required such as will "notify the public generally" of a change of ownership, was erroneous as misleading jury to believe some public declaration was required by law.

7. **Appeals—Error—Brief, Informal Index, Information Orally Supplied on Argument, Effect.**

Notwithstanding the index to appellant's brief was inadequate under the rules, and brief failed to show from what the appeal was taken, yet, the defect not being serious, and appellant's counsel, on oral argument, having supplied the needed information, the omissions are overlooked, no motion to strike brief having been made.

8. **Appeal—Error—Brief, Argument Is Not Found in Evidence, Disregarded—Reference to Transcript, Irrelevancy.**

Where statements of fact are made in argument, but not found in respondent's brief, no notice will be taken thereof. Nor will statements of fact or reference to transcript be considered, as that does not become an appellate record.

Appeal from Circuit Court, Miner County. Hon. ALVA E. TAYLOR, Judge.

Action by Clarice Karlen, an infant, by Louesia Karlen, her guardian, against B. J. Trebble, as Sheriff of Miner County, South Dakota, to recover damages for wrongful attachment of plaintiff's property. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed, and new trial awarded.

*W. E. Weygint,* and *Spangler & Wire,* for Appellant.

*Baldwin & Lyons,* for Respondent.

POLLEY, J. The defendant in this action is the sheriff of Miner county. As such sheriff and by virtue of a warrant of attachment issued in the case of the People's State Bank of Howard v. E. J. Karlen, defendant levied upon and took into his possession a certain Dixie Flyer roadster automobile. Plaintiff in this action, who is the daughter of the above-named E. J. Karlen, claiming to be the owner of the said car, brings this action against the sheriff for the conversion of the said car. The prayer in the complaint asks for $1,000 for the value of the car and $1,000 as exemplary and punitive damages for the wrongful, malicious, and oppressive acts of the defendant in the manner of taking and keeping the car. The cause was tried to a jury. Verdict and judgment were for defendant, and plaintiff appeals.

[1] There was no evidence whatever to support the claim for exemplary and punitive damages, and no consideration will be given to the assignments based thereon.

Appellant claimed to have acquired the car involved from her father, E. J. Karlen, some six months prior to the date of the levy of attachment, and as between the appellant and her father the undisputed evidence fully established appellant's ownership. But at the time of the conveyance of the car from E. J. Karlen to appellant said Karlen was indebted to the said bank, and the bank clamied that there had not been a delivery and change of possession sufficient under the provisions of section 2042, Code 1919, to establish title to the car in appellant as against the creditors of said Karlen.

[2] During the trial Karlen was on the stand as a witness for appellant. The testimony in chief was confined strictly to the transfer of the car to appellant and the ownership by her. On cross-examination witness was asked if during the time he owned the said car and at the time he sold it to appellant he was not indebted to the People's State Bank at Howard. This was objected to on the ground that it was not cross-examination and that it was not within the issues of the case. The objection was overruled, and such ruling is assigned as error. Respondent's answer contains no allegation of indebtedness of Karlen to the bank, nor do we think it was necessary. It contains a denial of

appellant's ownership of the car and sets up the attachment pro-ceedings as his justification for seizing the same. We believe the denial in the answer puts this question in issue. The real issue in the case is appellant's ownership of the car, and to establish such ownership she relies on a sale from E. J. Karlen, but, if such sale was invalid for any reason, then the car did not belong to her, and respondent had a right to take it and hold it under his warrant of attachment; therefore this evidence directly refutes appellant's evidence of ownership and was admissible under the general denial. But it was not cross-examination. It was not re-sponsive to or within the scope of anything brought out on the direct examination. The trial court is vested with a broad dis-cretion in the matter of cross-examination, but this does not authorize the admission of evidence to establish a matter of affir-mative defense not opened up on direct examination. This testi-mony should have been excluded on the ground that it was not cross-examination.

[3] A witness on behalf of appellant who had lived in the home of appellant during the time she claimed to have owned the car was asked if during that time he had heard appellant's mother or father or any other person claim the car in question. This was excluded on respondents' objection and properly so. It was not binding on respondent and was not competent for any pur-pose.

[4] Respondent introduced in evidence the warrant of at-tachment under which he seized the car. This was objected to on the ground that it was irrelevant, incompetent, and immaterial, that it was not the proper way of proving records in such a case, and that no proper foundation had been laid. The objection was overruled and we think properly so. The only proper way of proving the attachment was by the warrant of attachment itself. It was certainly relevant and material. Whether it was compe-tent depended upon whether it had been regularly issued and prop-erly returned to the clerk with the sheriff's return of service and inventory within the time prescribed by law.

The objection that no proper foundation was laid was too vague and indefinite. If by this objection counsel meant that the warrant of attachment had not been filed with the clerk or that it was not accompanied by the proper writ or inventory or that

it had not been returned within the time limited for that purpose by law they should have directed the court's attention to these facts, but to merely say that no foundation had been laid was not sufficient for that purpose.

[5] A witness for respondent was permitted over proper objection by appellant to testify to certain statements made by appellant's father in her absence relevant to the ownership of the car. This testimony was not competent to bind appellant and should have been excluded.

[6] Exception was taken to the court's charge to the jury relative to the necessary delivery and continued change of possession required in cases of this kind under the provisions of section 2042, Code 1919. The charge correctly states the law and is responsive to the issues of the case and the evidence, with the exception of the last sentence. This sentence reads as follows:

"Such acts are required as will notify the public generally that there has been change in the ownership of the property."

By this language we presume the court meant that there must be such continued change of possession and exercise of control over the property that a person who knew the parties or the property involved would note the change, or might reasonably infer therefrom and from the surrounding circumstances that a change of ownership had taken place, but the language is confusing and might have misled the jury to believe that some public declaration was required by the law.

[7] Respondent calls our attention to the fact that appellant's brief is not indexed in the manner required by the rules of this court, and also that the brief does not show from what the appeal is taken. These criticisms are well merited, and, had our attention been directed to these defects at the proper time by a motion to strike the brief from the files, we would have taken appropriate action to have the defects cured. But the defect in the index is not serious, and it was stated by counsel on the oral argument that the appeal is from the judgment and the order denying new trial.

[8] We deem it not out of place to call respondent's attention to a defect in his brief. In his argument statements of fact are made that are not found in the evidence brought to this court.

We cannot take notice of facts that are not found in the statement in appellant's brief or in an additional statement· made by respondent.

Respondent also makes statements of fact and refers to the transcript to sustain the same. The transcript as such never becomes a record in this court, and references thereto are wholly useless.

The judgment and order appealed from are reversed, and a new trial is awarded.