CLANCEY, Appellant, v. EMPEY, et al, Respondents.

(226 N. W. 267.)

(File No. 6439. Opinion filed June 27, 1929.)

*Muller, Conway, Feyder & Conway,* of Sioux City, for Appellant.

*Clark & Wyman,* of Yankton, and *E. E. Empey,* of Springfield, for Respondents.

BROWN, J.   Plaintiff appeals from a judgment and order denying a new trial in favor of defendants in an action involving conflicting claims to the title to residence property in Springfield, S. D.   Both parties claim through N. J. Brockman, who prior to 1921 was the owner of the premises.

On November 28, 1921, N. J. Brockman and wife executed a deed of the premises to his son, Roy C. Brockman, who had been occupying the premises as the home of himself and family since April, 1919, under a contract for its purchase.   This deed was not

recorded until March 29, 1924. By a deed dated May 28, acknowledged and recorded May 31, 1924,, Roy C. Brockman and wife conveyed the premises to defendant E. E. Empey. On November 5, 1923, N. J. Brockman executed a mortgage on the premises to plaintiff, which was recorded next day, and on May 14, 1924, N. J. Brockman signed and acknowledged a deed to the premises wherein plaintiff is named as grantee, which deed was recorded on May 22, 1924. Roy C. Brockman and family continued to occupy the premises at all times from April, 1919, until May 30, 1924.

Plaintiff testified that N. J. Brockman's mortgage to him was given as security for a pre-existing debt of $4,050, and that the deed was given to him in satisfaction of that debt and another obligation for $5,000 due him from N. J. Brockman, and that the evidences of these debts were surrendered to N. J. Brockman at the time plaintiff received the deed.

N. J. Brockman testified, on the contrary, that neither mortgage nor deed had any reference to, or connection with, the prior indebtedness from him to plaintiff, but that the circumstances under which both mortgage and deed were executed had their inception in the perilous condition of the First National Bank of Springfield, of which N. J. Brockman was president and Roy C. Brockman vice president. Plaintiff at some previous time had had active management of the bank as cashier, but, at the time of the transactions involved herein, had ceased to have any connection with the bank other than that he was a heavy depositor therein. N. J. Brockman testified that he received nothing for the execution of the mortgage, that, when he gave it, the bank examiner was talking of closing the bank, and did close it two days thereafter; that the deed was signed pursuant to negotiations for reorganization of the bank; that three men; named respectively Hastings, Ingram, and Davis, along with plaintiff, were discussing with Brockman the prospects of reorganizing and reopening the bank, and that, for the purpose of effecting such reorganization, Roy C. Brockman had agreed to convey to his father the premises in dispute, should it be necessary in order to effect the reorganization; that, in pursuance of this agreement or understanding with his son, N. J. Brockman signed and acknowledged the deed, and placed it in escrow with Mr. Davis, to be used or given to plaintiff in case the reorganiza-

tion should be effected; that the reorganization was not effected, and the bank is still in the hands of the receiver; that Davis was not authorized to turn over the deed to Clancey, and did so in violation of express instructions to the contrary. Roy C. Brockman gave testimony substantially similar to that of his father in regard to the arrangement whereby he agreed to turn in the premises, if necessary for the purpose of reorganizing and reopening the bank, but said that he never knew of any deed or mortgage of the property being given by his father to plaintiff.

██ Plaintiff objected to testimony of N. J. Brockman as to the instructions he gave to Davis regarding the delivery of the deed, on the ground that such instructions were not given in the presence of plaintiff, and now argues that Brockman made Davis his agent, and, if the agent did not carry out his instructions, plaintiff cannot be held responsible therefor. He says:

"The deed when delivered by Davis, even although contrary to the instructions given him, nevertheless, by the general principles of agency, which need no citations of authorities here, will bind this appellant" (respondent?).

But this court has held that, if a depositary or agent delivers a deed in violation of instructions from the principal, the deed passes no title. Root v. Martin, 42 S. D. 17, 172 N. W. 502. There was no error in rulings on evidence.

██ That appellant knew of the occupancy of the premises by Roy C. Brockman and his family at the time he took the deed from N. J. Brockman is undisputed. He was therefore charged with notice of Roy C. Brockman's title, even although Roy's deed was not recorded, and, while there are circumstances shown by the evidence which might be claimed to raise doubts as to the good faith of the purchase of the premises by Empey, yet there is sufficient evidence to justify the finding of the court that the deed from Roy C. Brockman and wife to Empey conveyed a fee-simple title to Empey, and we cannot say that the clear preponderance of the evidence is against such finding, or against finding of fact No. 6, that the evidence is insufficient to establish any right, title, or interest in the plaintiff by virtue of the deed alleged to have been executed on May 22, 1924, by N. J. Brockman, wherein plaintiff is named as grantee.

██ In the argument part of his brief, appellant sets out

findings of fact that are not found in the abstract. The futility of this has been frequently pointed out in decisions of this court. See Karlen v. Trebble, 45 S. D. 570, 189 N. W. 519; Farmers' & Merchants' Bank v. Doering, 53 S. D. 508, 221 N. W. 373. He also in the argument makes frequent reference to the transcript or settled record. It was pointed out in Karlen v. Trebble, supra, that such references are wholly useless. References to the record in the argument should be references to the pages of the printed abstract, not of the transcript or settled record. Respondent in his brief sets out by question and answer 42 pages, presumably by way of additional or amended abstract, much of which is accurately condensed in appellant's abstract. Rule 5 requires the evidence to be carefully epitomized, and evidence should not be set out by question and answer, unless where necessary to show a ruling of the court adverse to the party setting it out. No necessity exists for setting out these 42 pages by question and answer, and no costs will be allowed for printing these pages.

The judgment and order appealed from are affirmed.

SHERWOOD, P. J., and POLLEY and BURCH, JJ., concur.

CAMPBELL, J., not sitting.